COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


PHYLLIS T. SCOTT
                                              OPINION BY
v.      Record No. 1547-96-4      JUDGE JOHANNA L. FITZPATRICK
                                            MARCH 11, 1997
FRED R. SCOTT, JR.

              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                      James H. Chamblin, Judge

          C. Waverly Parker for appellant.

          Burke F. McCahill (Hanes, Sevila, Saunders &
          McCahill, on brief), for appellee.


     The sole issue raised in this appeal is the effect a final

decree of divorce has on an existing separate maintenance decree.

 Wife appeals the trial court's finding that it lacked

jurisdiction to amend the separate maintenance decree following

the parties' divorce.  We find no error and affirm the trial

court's judgment.

                              **BACKGROUND**

     The facts of this case are not in dispute.  Phyllis T. Scott

(wife) and Fred R. Scott, Jr. (husband) were married on August

20, 1969, and one child was born of the marriage.  The parties

separated in November 1993 and on February 28, 1994, wife filed a

bill of complaint for "separate maintenance, custody and child

support."  Pursuant to the bill of complaint for separate

maintenance, the court entered a decree on November 9, 1994.  It

awarded wife custody of the parties' minor child, child support

in the amount of $1,500 per month, and found that wife was "entitled to <u>separate maintenance and spousal support</u> but that in the light of what child support will be ordered, and of all the other evidence so adduced, she shall have but $1 thereof from respondent while such child support is payable to her in the sum hereinafter awarded."  (Emphasis added).

On January 30, 1995, wife filed a new cause of action against husband for a divorce.  Husband filed a cross-bill of complaint for divorce, spousal support and equitable distribution of marital property.  Both parties and all issues of the status of the marriage, support and equitable distribution were placed before the trial court which was the same court in which the initial separate maintenance action had been filed.

On April 10, 1995, the trial court awarded the parties a divorce <u>a vinculo matrimonii</u> at wife's request on the ground of a separation for more than one year.  In the divorce decree, agreed to by both husband and wife, the trial court specifically reserved jurisdiction to determine spousal support:

> On motion of the parties, as witness their endorsements upon this decree, the Court doth hereby expressly reserve unto itself jurisdiction hereafter to grant whatever relief . . . is or may be prayed and proper in a suit of this character, including without limitation an equitable adjustment of the parties' property, as provided in sections 20-107.1 and 20-107.3 of such Code.  The Court hereby finds that the complexity of the parties' property interest is such as to justify and make clearly necessary such reservation of jurisdiction.
>
> And this cause is accordingly CONTINUED,

2

> without prejudice to the finality of the
> divorce hereinbefore granted.

The parties' child reached his majority on August 17, 1995. Wife then petitioned to re-open the separate maintenance case, requesting an increase in "the spousal support previously awarded." Wife alleged that the cessation of the child support payments constituted a material change in circumstances and entitled her to a greater award of support. In response, husband filed a motion to dismiss wife's petition for lack of jurisdiction as the parties were no longer married and the support issues were to be litigated in the divorce case. On May 28, 1996, the court granted husband's motion, finding as follows:

> The proceeding herein is a common law separate maintenance action based on the common law duty of a husband to support his wife. <u>Williams v. Williams</u>, 188 Va. 543 (1948); <u>Heflin v. Heflin</u>, 177 Va. 385 (1941). The Complainant's right to support in a separate maintenance action ended when the Defendant was no longer her husband, i.e. on 10 April 1995 when this Court entered a final decree of divorce in <u>Phyllis T. Scott v. Fred R. Scott, Jr.</u>, Chancery No. CH95-30. This Court, therefore, has no jurisdiction in this separate maintenance proceeding to award spousal support to the Complainant.

Wife appeals from this judgment, arguing that the trial court's jurisdiction to award continued support in the separate maintenance action survived the entry of the final decree of divorce.[1]

---

[1] The parties agree that the trial court properly exercised

3

## SEPARATE MAINTENANCE

"[S]eparate maintenance" is the "[a]llowance granted to a wife for support of herself and children <u>while she is living apart from her husband</u>" and/or "money paid by one <u>married</u> person to the other for support if they are no longer living as husband and wife." <u>Black's Law Dictionary</u> 1365 (6th ed. 1990) (emphasis added). "[T]he term 'separate maintenance' means those provisions made pursuant to court order by a husband or wife for the support of the other spouse when the couple, <u>though still married</u>, is living apart as a result of a decree of separation." 49 A.L.R. 3d 1266 § 1, n.2 (emphasis added).

While the concept of support for a necessitous spouse is firmly established, the relationship between support ordered pursuant to a request for separate maintenance and that which may later be ordered pursuant to a final decree of divorce is one of first impression. However, several of our sister states have held that a separate maintenance award depends upon the existence of the marriage relationship. Termination of that relationship by divorce discharges the responsible spouse from his or her

_____

jurisdiction in the initial separate maintenance action and in the divorce action, that the court had authority to determine support in both cases, and that the court reserved jurisdiction to award support, pursuant to Code § 20-107.1, in the divorce decree.

liability for payments under the previous decree for separate

support.  See, e.g., Kennedy v. Kennedy, 650 So.2d 1362, 1367

(Miss. 1995) ("'Separate maintenance is a "court-created

equitable relief" based upon the marriage relationship.'")

(citations omitted); Ahlstrand v. Ahlstrand, 67 N.E.2d 605

(Ill.App. 1946) (holding that resumption of cohabitation and

marital relations by husband and wife after entry of decree for

separate maintenance of wife automatically abrogates such decree

and renders order therein for payment of alimony void); Rosa v.

Rosa, 5 N.E.2d 417 (Mass. 1936) ("'Proceedings for separate

support "are designed to secure the temporary support of a wife

* * * while the marriage relation exists and the cause for

separation continues."'") (citations omitted).
     Generally,

> [A] domestic divorce granted upon the wife's
> petition, or with personal jurisdiction over
> the wife, is held to terminate the wife's
> rights under an existing decree of separate
> maintenance.  The reason seems to be that the
> wife has an opportunity to make a claim for
> alimony in the divorce action, and when she
> does not, or when her claim is decided
> against her, all rights that depend on the
> marriage are terminated.  The rights under
> the separate maintenance decree are of that
> nature, although they are embodied in the
> decree.

II Homer H. Clark, Jr., The Law of Domestic Relations in the

United States, § 17.4, p. 249, 250 (2d ed. 1987) (citing Esenwein

v. Esenwein, 325 U.S. 279 (1945)).  Despite arguments to the

contrary, "there are cases which held that the separate

maintenance decree is authorized (under the applicable statute) only when and so long as the parties are husband and wife. When the status ends, the maintenance order must end also." Id. at 251. This rationale applies with particular force to the instant case in which the wife was the moving party in both actions.

In Brady v. Brady, 158 S.E.2d 359 (W.Va. 1967), a factually similar case, the Supreme Court of Appeals of West Virginia held that "[t]he law in West Virginia, . . . has been that a decree of absolute divorce terminates the right of a wife to separate maintenance and support and we are not inclined to overrule the cases on this matter at this time." Id. at 364. In its analysis, the court recognized that terminology compounded the issue: "Apparently from the vast number of decisions and statutes in America attempting to define alimony, support and maintenance, there is no magic in the words themselves. They have been applied interchangeably or restricted to special meanings according to what state attempted to construe them." Id. Despite the confusion caused by the different terms, the court held that "regardless of the word by which an allowance is called in West Virginia, the allowance resulting from divorce is a different type of allowance from that existing during a separation, and necessarily supersedes the separate maintenance award. . . ." Id. at 365.

The court further explained: "'The main purpose of a suit for separate maintenance . . . is to require the [h]usband to

support his wife during the existence of the marriage, whereas the real object of a suit for divorce is the dissolution of the marriage contract.'" Id. (citation omitted). While the court denied the wife relief in the form of separate maintenance, it found her entitled, pursuant to specific provisions in the divorce decree, to an award of spousal support. The same is true in the case at bar. See also Yates v. Yates, 235 A.2d 656 (Conn. 1965) (reasoning that termination of the marital relationship by divorce precluded the continuance of an order for future equitable support on behalf of the wife beyond the divorce). Accord Johnson v. Johnson, 97 A.2d 330, cert. denied, 346 U.S. 874 (Md. 1953) (holding that the obligation to pay alimony under a separate maintenance decree does not survive a subsequent valid divorce); Ex Parte Jones, 31 So. 2d 314, 316 (Ala. 1947) (holding that a divorce decree "puts an end to the relation of marriage as effectually as would result from the death of either party"; consequently, all duties and obligations dependent upon the continuance of a relationship immediately ceased, including the obligation of support under a previously obtained decree of separate maintenance). See generally 46 A.L.R. 3d 1266.

We find this reasoning equally applicable to the instant case. Although a petition for separate maintenance is "within the inherent jurisdiction of a court of equity," Rochelle v. Rochelle, 225 Va. 387, 391, 302 S.E.2d 59, 62 (1991), and the court clearly had jurisdiction over the initial action for

7

separate maintenance, there is no question that the divorce court had personal jurisdiction over both parties. Wife in fact filed both suits. In a divorce case, in determining whether to award support and maintenance for a spouse, the court must consider "the circumstances and factors which contributed to the dissolution of the marriage." Code § 20-107.1(8).[2] These code sections comprise a statutory scheme the court must

---

[2] Code § 20-107.1 provides that the court, in making an award, must consider in determining the amount the following factors:

> 1. The earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature;
> 2. The education and training of the parties and the ability and opportunity of the parties to secure such education and training;
> 3. The standard of living established during the marriage;
> 4. The duration of the marriage;
> 5. The age and physical and mental condition of the parties;
> 6. The contributions, monetary and nonmonetary, of each party to the well-being of the family;
> 7. The property interests of the parties, both real and personal, tangible and intangible;
> 8. The provisions made with regard to the marital property under § 20-107.3; and
> 9. Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Code § 20-107.1.

follow in divorce proceedings:

> Code § 20-96 grants the circuit court, on the chancery side, the authority to enter a decree for divorce. . . . As an incident of that authority, Code § 20-107.1 provides the statutory authority for the divorce court to grant spousal support. . . . When considered together, these Code sections provide a statutory scheme which authorizes the divorce court to grant spousal support consistent with the current needs of one spouse and the ability of the other spouse to provide for those needs. The circumstances of the parties may change from time to time. Thus, the statutory scheme authorizes the divorce court to grant an initial spousal support award, and, thereafter, based on the circumstances of the parties to modify that award.

Reid v. Reid, 12 Va. App. 1218, 1228, 409 S.E.2d 155, 160-61 (1991), rev'd on other grounds, 245 Va. 409, 429 S.E.2d 208 (1993). See also Moreno v. Moreno, ___ Va. App. ___, ___, ___ S.E.2d ___, ___, (1997) (holding that an equitable distribution award must be included in the trial court's calculation of spousal support); Gamble v. Gamble, 14 Va. App. 558, 576-77, 421 S.E.2d 635, 646 (1992) ("[W]hile Code § 20-107.1 requires a chancellor to consider the provisions made with regard to marital property under Code § 20-107.3, we view that requirement as a practical means by which the chancellor may fix a proper spousal support award in light of the monetary award."). Thus, the statutory scheme set out by the legislature anticipates that a trial court will consider multiple aspects of the marriage relationship when making a final support award incident to a divorce. Consideration of these factors is not mandated when

9

making a separate maintenance award made during the life of the marriage.

The inherent nature of separate maintenance is based on the parties' status as a married entity. When a final decree of divorce terminates the marriage relationship and the trial court has the ability to properly address the issues of support, the proper forum to resolve the issue of spousal support is in the divorce case. Wife's remedy in the instant case is to litigate her request for spousal support in her ongoing divorce case where the trial court specifically reserved jurisdiction to award full relief pursuant to Code § 20-107.1.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>