## CIRCUIT COURT OF FAIRFAX COUNTY

John M. Cutright

v.

Sandra K. Cunningham

June 30, 2000

Case No. (Chancery) 164479

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on June 26, 2000, on the petition of the plaintiff, John M. Cutright, against Sandra K. Cunningham for a permanent award of separate maintenance. At that time, the Court took the matter under advisement. The Court has now had the opportunity to consider fully the pleadings, the evidence, and the arguments of counsel. For the following reasons, the Court finds in favor of Ms. Cunningham and will not award separate maintenance to Mr. Cutright.

The facts of the case will be briefly summarized. Mr. Cutright and Ms. Cunningham married in 1987. No children were born of the marriage. They separated in December 1999. The evidence adduced at trial was that the marriage was never particularly harmonious. Ms. Cunningham testified of episodes of physical abuse by Mr. Cutright that began before the marriage and continued until shortly before the separation. Mr. Cutright left the marital residence in December 1999 after he received a deferred disposition in the Juvenile and Domestic Relations District Court on a charge that he assaulted his wife in October 1999. He did not deny the incidents of his physical abuse but testified that he was not always the aggressor. The couple moved several times during the marriage. Each move usually involved a job promotion for Ms. Cunningham. Conversely, each move was usually followed by a period of unemployment by Mr. Cutright. Presently, Ms. Cunningham is employed as a law firm administrator and earns $93,500.00 a year. Mr. Cutright is employed as a security detective with a local grocery chain. He earns

approximately $26,000.00 a year from this employment. In addition, since October 1999, Mr. Cutright has received over $25,000.00 in gifts from his parents and a distribution from a trust established by his grandfather. Mr. Cutright seeks separate maintenance from Ms. Cunningham. Ms. Cunningham maintains that Mr. Cutright's physical abuse of her throughout the marriage bars him from receiving separate maintenance.

Separate maintenance is a common law action. It is "money paid by one married person to the other for support if they are no longer living as husband and wife." *Scott v. Scott*, 24 Va. App. 364, 368, 482 S.E.2d 110 (1997). It has been noted that "[i]n order to bring a common law separate maintenance suit, the [petitioning spouse's] conduct must be without fault and unoffending." P. Swisher, L. Diehl, and J. Cottrell, *Virginia Family Law*, § 4-8 (2d ed. 1997); see also *Williams v. Williams*, 188 Va. 543, 50 S.E.2d 277 (1948).

Code § 20-107.1(E) provides that in determining whether an award of maintenance should be made, the Court shall consider the circumstances and factors that contributed to the dissolution of the marriage, including whether any "fault" grounds for divorce exist under Code § 20-91. Those fault grounds include "cruelty" and "caus[ing] reasonable apprehension of bodily hurt." Code § 20-91(6).

The Court concludes that Mr. Cutright's continued physical abuse of Ms. Cunningham was the most significant circumstance and factor leading to the dissolution of the marriage. The Court finds unconvincing and incredible Mr.. Cutright's testimony that Ms. Cunningham was physically abusive to him. The Court concludes that Mr. Cutright is far from the blameless spouse who is entitled to a permanent award of separate maintenance. The Court determines that Mr. Cutright's abuse amounted to both cruelty and placing Ms. Cunningham in reasonable apprehension of bodily hurt. Mr. Cutright's fault is a bar to his receiving permanent separate maintenance.

Even if Mr. Cutright were not barred from receiving an award of permanent separate maintenance, the Court finds that Mr. Cutright has no need for permanent separate maintenance, as his reasonable expenses are more than adequately met by his salary, his gift income, and his trust income. See *Goldhamer v. Cohen*, 31 Va. App. 728, 525 S.E.2d 599 (2000) (gift income and inheritance included in gross income for purposes of determining support).