COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia


JULIA SELAH

                                                      MEMORANDUM OPINION* BY
v.       Record No. 1428-16-4                         JUDGE RICHARD Y. ATLEE, JR.
                                                      SEPTEMBER 5, 2017
WILLIAM SELAH


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

Caroline E. Costle (Cary S. Greenberg; Timothy R. Bradley;
GreenbergCostle, PC, on briefs), for appellant.

Meredith Madden Ralls (Old Town Advocates PC, on brief), for
appellee.


Appellant Julia Selah ("wife") and appellee William Selah ("husband") married in 2001

and separated in 2012.  Wife filed for separate maintenance during the separation, and after

mediation, the parties entered into a consent order for separate maintenance ("consent order").  It

provided that husband would pay $3,300 a month in spousal support in separate maintenance.  It

contained no express provisions for termination, but did provide for modification upon showing

of a substantial change in circumstances.

Husband filed for divorce in May 2015, and wife filed a counter-complaint for divorce on

separate grounds.  The parties presented their evidence on March 8th and 9th of 2016.  During

that hearing, the trial court found that the consent order was a valid contract that would survive

the entry of the final decree of divorce ("final decree") and that its terms would be incorporated

into the final decree.  The trial court therefore ruled that it did not have the authority to modify or

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

terminate spousal support unless a party satisfied the consent order's modification provision by showing a substantial change in circumstances. Finding that husband had failed to show a substantial change in circumstances, the trial court granted wife's motion to strike, and denied husband's motion to reduce or terminate spousal support.

On April 1, 2016, several weeks after the parties presented their evidence, they reconvened to hear the trial court's rulings. The trial court found sufficient grounds to grant a no-fault divorce and announced its conclusions regarding the distribution of various property (such as its valuation and status as separate or marital). When the trial court turned to the issue of spousal support, it announced, contrary to its earlier ruling, that it would not incorporate the terms of the consent order into the final decree. After reviewing the statutory and case law, the trial court concluded that an order of separate maintenance automatically terminates upon entry of a final decree of divorce, and noted that under Code § 20-109.1, it has discretion as to whether to incorporate[1] its terms. It declined to do so. The court then awarded spousal support of $2,000 a month to wife based upon the factors in Code § 20-107.1(E).

Because the trial court changed its position on whether it would incorporate the terms of the consent order into the final decree after the fact-finding portion of the trial had concluded, wife objected, noting that she had not put on certain evidence about her income and expenses that would be relevant to determining spousal support. She did not offer this evidence because she believed the terms of spousal support were not at issue — per the trial court's initial ruling, they were to be identical to those set out in the consent order. She raised this issue in court and

---

[1] The broad use of this term by the trial court and parties can be misleading. As discussed *infra*, the trial court could not incorporate the terms of separate maintenance from the consent order, because they terminated upon entry of the final decree. The trial court could have found, however, that a spousal support award should mirror those terms (although it did not here). In addition, the consent order contained provisions for the division of property distinct from the award of separate maintenance; however, wife only appeals the spousal support award.

later filed a motion to reconsider, including a request to reopen the evidence, which the trial court denied.

ANALYSIS

Wife's seven assignments of error can be grouped into three categories: (1) the terms of the consent order should have been incorporated into the final decree; (2) the trial court should have permitted the parties to present additional evidence; and (3) the evidence was not sufficient to support the terms of spousal support in the final decree.

First, wife argues that the consent order survived the entry of the final decree of divorce, and therefore the trial court should have incorporated its spousal support terms into the final decree.

"[A] separate maintenance award depends upon the existence of the marriage relationship. Termination of that relationship by divorce discharges the responsible spouse from his or her liability for payments under the previous decree for separate support." Scott v. Scott, 24 Va. App. 364, 368, 482 S.E.2d 110, 112 (1997).[2] In this case, although the body of the consent order uses the term "spousal support," it unambiguously refers to separate maintenance. This is evident for numerous reasons. First, the consent order was entered pursuant to wife's complaint for separate maintenance. Second, the title of the consent order specifies that it is "for separate maintenance." Finally, and perhaps most obviously, the parties were not yet divorced at the time of the agreement or entry of the consent order. As such, any support agreed to in the consent order was, by definition, separate maintenance, and terminated with the entry of the final

---

[2] Wife would have us distinguish the matter here from Scott because the terms of the consent order here were reached through mediation, and she argues that it is therefore distinct from an order for separate maintenance issued by a court. We do not find that distinction meaningful here: as in Scott, the consent order was entered by a court as a result of wife filing an action for separate maintenance. Even though it memorialized an agreement, that agreement was reached as the result of an adversarial proceeding, initiated by wife, to receive separate maintenance.

- 3 -

decree. To incorporate those terms would have been an abuse of discretion.[3] See Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 484, 666 S.E.2d 361, 370-71 (2008) ("A 'court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" (alterations in original) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008))). Therefore, the trial court did not err in finding that the separate maintenance provided for in the consent order terminated upon entry of the final decree, and thus declining to incorporate those terms into the final decree.

Second, wife challenges the trial court's denial of her request to reopen the case so she could present additional evidence of her income and expenses.[4] "Motions to reopen a hearing to take further evidence are matters within the court's discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998). Here, the trial court initially announced that it would incorporate the terms of the consent order into the final decree. Several weeks passed between the close of evidence and the parties' reappearance to hear the trial court's decision. In the interim, the trial court researched the issue and correctly concluded that an award of separate maintenance (the consent order) would not survive the entry of a final decree of divorce (the final decree). See Scott, 24 Va. App. at 368, 482 S.E.2d at 112. Therefore, it was not until well after the close of the evidence that the trial court informed the parties that, contrary to its earlier ruling, it would not incorporate the spousal support terms from the consent order into the final

---

[3] At oral argument, wife noted that this "is only an appeal of spousal support," so we do not consider the provisions in the consent order other than those regarding separate maintenance (such as the division of the marital residence and other personal property).

[4] Husband argues that this issue is procedurally defaulted because wife failed to proffer what specific evidence she would have offered if given the opportunity. This argument conflates the requirements for when a trial court refuses to admit a piece of evidence with a denial of a motion to reconsider.

decree. Because of this, the parties did not have notice at the time they presented their evidence that they needed to litigate the issue of spousal support and present evidence of the Code § 20-107.1 factors.[5] As such, we find that by denying wife's motion and refusing to hear additional evidence, the trial court abused its discretion.[6]

Wife's remaining assignments of error concern factual issues regarding the amount and duration of spousal support awarded and the adequacy of the trial court's findings supporting its rulings. Because we are remanding this matter to the trial court for rehearing on the issue of spousal support, we do not address these arguments.

CONCLUSION

For the foregoing reasons, we find no error in the trial court's conclusion that the consent order terminated upon entry of the final decree or in its refusal to incorporate the consent order's support terms into the final decree. We find that the trial court abused its discretion when it did not permit the parties to present additional evidence relevant to determining spousal support. The matter is remanded to the trial court to hear additional evidence relevant to the factors contained in Code § 20-107.1.

Affirmed in part; reversed and remanded in part.

---

[5] Throughout the proceedings, the parties continued to debate whether the consent decree must, could, or should be incorporated into the final decree. However, because the trial court heard the evidence without any express reversal or disclaimer of its prior ruling that it was bound by the terms of the consent decree, we assume the parties presented their cases in accordance with that initial ruling.

[6] We acknowledge that the trial court heard a substantial amount of evidence on the topics wife objects she did not have the notice or opportunity to offer ("evidence about her income and expenses, including, but not limited to her health-related expenses"). Nonetheless, we cannot say that this included all relevant evidence she would have offered had she known the trial court would make an independent determination on the issue of spousal support.