COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


FELIX ASCHER MORENO
                                          OPINION BY
v.        Record No. 1643-96-4    CHIEF JUDGE NORMAN K. MOON
                                       FEBRUARY 18, 1997
BARBARA J. MORENO


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                       James H. Chamblin, Judge

          Richard P. Buzan (Kellogg, Krebs & Moran, on
          briefs), for appellant.

          Walter C. Jacob (Walter C. Jacob, P.C., on
          brief), for appellee.


     Felix A. Moreno (husband) appeals the trial court's finding

of contempt for husband's failure to pay child support.  Husband

raises the following questions: 1) did the trial court's denial

of husband's motion to dismiss the court's show cause order for

failure to pay child support constitute a final appealable

decree; 2) was the trial court's final decree of divorce,

incorporating the parties' property settlement agreement

including child support payments approximately twice the amount

required by statute, void; and 3) did the trial court err in

finding husband in contempt for failure to pay child support

pursuant to the final decree of divorce.  We find that the trial

court's denial of husband's motion to dismiss the show cause

order was not an immediately appealable order.  We further find

that the trial court's final decree of divorce was not void and

that the court was not obligated to make a determination of the

presumptive amount of child support under the statutory guidelines where the parties had agreed to the amount of support and did not seek the court's determination of the matter. Accordingly, we affirm.

On July 20, 1993, a decree of divorce was entered which incorporated the parties' property settlement agreement. The property settlement agreement provided that husband would pay child support to Barbara J. Moreno (wife) for the parties' two children in the amount of $1,800 monthly. No exceptions were noted to the decree, and no appeal was taken. Notice of the decree being presented for entry was not given to husband pursuant to a waiver of notice executed by husband on May 28, 1993.

At wife's request, on July 17, 1995, a show cause order was entered against husband for his failure to pay child support. Husband moved to dismiss the show cause order arguing that the underlying decree of divorce was void because the award of child support did not comply with the provisions of Code §§ 20-108.1 and 20-108.2. Husband asserted that the court's final decree of divorce was void because the divorce decree made no reference to the presumptive child support guidelines and because the trial court failed to make written findings that application of the presumptive child support guidelines would be unjust or inappropriate. A decree denying husband's motion was entered November 6, 1995. Subsequent to trial on the issues relating to the show cause order, the trial court issued a letter opinion,

dated December 4, 1995, finding husband in contempt for failure to pay child support in accordance with the provisions of the final decree of divorce.

Timely Appeal

Wife asserts that husband failed to timely appeal the trial court's November 6, 1995 denial of husband's motion to dismiss the show cause order.

> This Court
>     has appellate jurisdiction over final decrees
>     of a circuit court in domestic relations
>     matters arising under Titles 16.1 or 20, and
>     any interlocutory decree or order involving
>     the granting, dissolving, or denying of an
>     injunction or "adjudicating the principles of
>     a cause."  Code §§ 17-116.05(3)(f) and (4).
>     A final decree is one "`which disposes of the
>     whole subject, gives all the relief that is
>     contemplated, and leaves nothing to be done
>     by the court.'"

Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (citations omitted).  The trial court's denial of husband's motion to dismiss the show cause order did not constitute a final decree because it did not dispose of the whole subject and leave nothing to be done by the court.  See id.  To the contrary, the trial court had to proceed with the show cause hearing.  Nor was the court's order an interlocutory decree granting an injunction.  Accordingly, unless the trial court's denial of husband's motion constituted an interlocutory decree that "adjudicate[d] the principles of the cause," this Court does not have jurisdiction to consider an appeal of the denial.

An interlocutory decree adjudicates the principles of a

- 3 -

cause where "`the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'" Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting Lee v. Lee, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925)).  The trial court's denial of husband's motion to dismiss the show cause order did not adjudicate the principles of the cause.  The denial of the motion did not determine whether husband had cause for failing to pay his child support or what terms the court would impose for such failure.  Further, the show cause order required husband to show cause why he should not be held in contempt for violation of provisions of the final decree of divorce pertaining not only to child support but payment of unreimbursed medical expenses, use of the parties' joint credit lines, and adjustment of life insurance benefits.  The court's denial of husband's motion to dismiss did not address these matters as well.

Because the trial court's denial of husband's motion to dismiss did not adjudicate the principles of the cause, husband was without obligation or ability to appeal the court's denial. Accordingly, we find husband's appeal timely made.

Husband argues that the trial court's decree of divorce was void because the court incorporated in the decree the parties' property settlement agreement containing a child support obligation approximately twice the amount required by statute. Husband asserts that the trial court erred in not determining child support in accordance with Code §§ 20-108.1 and 20-108.2 or by failing to provide written findings that application of the presumptive child support guidelines would be unjust or inappropriate.

In relevant part, Code § 20-108.1 provides that "[i]n any proceeding on the issue of determining child support . . . the court shall consider all evidence presented relative to any issues joined in that proceeding."  (Emphasis added.)  Code § 20-108.2 provides that "[t]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support under this Title or Title 16.1 or 63.1 . . . that the amount of the award which would result from application of the guidelines . . . is the correct amount of child support . . . ."  Although both code sections serve to provide a rebuttable presumption of the amount of child support to be paid, a trial judge may determine that the contractual amount of child support is fair and equitable without requiring evidence and without determining the precise presumptive amount of support. Where, as here, the trial judge can determine that the amount of agreed child support is fair and equitable insofar as the child's

best interest is concerned, the court may approve the agreement and deviate from the guidelines. Neither parent will be heard to complain that an agreed amount of child support exceeds the presumptive amount under the guidelines and should be set aside in the absence of fraud, coercion, or overreaching. The cases relied on by husband involved instances where child support was in dispute or where a party had specifically requested the court determine support. Such was the case in Scott v. Scott, where we found that "[a]s of the hearing date . . . no child support award was in effect and none had previously been entered. Since the [trial] court was setting child support for the first time, the hearing was an initial child support hearing and the trial court erred in considering only those factors relevant to a change in circumstances." 12 Va. App. 1245, 1247, 408 S.E.2d 579, 581 (1991) (emphasis added.)

Here, the trial court incorporated into its final decree of divorce the parties' property settlement agreement which specifically provided for child support. Prior to the decree of divorce, husband voluntarily executed a waiver of notice. Unlike the circumstances in Scott, at no time did husband object to the decree provisions as they pertained to child support nor did he request that an amount of child support different from that provided for in the property settlement agreement be entered. Further, at no time prior to husband's motion to dismiss the show cause order was the amount of child support ever disputed or in any way questioned.

In <u>Spagnolo v. Spagnolo</u>, we held that:
> a trial judge is not required to accept or adopt an agreement made by the parents regarding child support <u>if the amount of child support is in dispute</u>. . . . "[I]f the amount of child support is in dispute, in spite of a prior agreement, the trial court must address `the issue of determining child support.'"

20 Va. App. 736, 743-44, 460 S.E.2d 616, 619 (1995) (citations omitted) (emphasis added). Accordingly, if the husband or wife had disputed the amount of child support, despite the parties' property settlement agreement, the court would have been required to apply the guidelines in determining support. However, as the parties did not dispute support, we find that the trial court did not err in accepting the parties' mutually agreed upon child support provisions. We are aware of neither holding nor statute that requires a trial court to hear evidence on the matter of child support where the parties have agreed to the amount of support and do not seek the court's determination of the matter. Further, we concur with the trial court's finding that the resources of both the court and the parties would be wasted by requiring a trial judge to <u>sua</u> <u>sponte</u> require parties to litigate a settled matter.

We also note that assuming, arguendo, that husband or wife had disputed the amount of child support, the trial court, once it had determined the presumptive amount of child support, could have deviated from that amount if such deviation was justified by the Code §§ 20-108.1 and 20-108.2 factors. Because these factors

- 7 -

may be reflected in the property settlement agreement, the agreement may therefore be the basis for deviating from the guidelines.  See id. at 744, 460 S.E.2d at 619.

Contempt

Finding the divorce decree was not void and that the record contains sufficient evidence to support the trial court's finding of contempt, we hold the trial court did not err in holding husband in contempt.

Affirmed.