COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


AMY C. WELLS
                                              OPINION BY
v.   Record No. 0782-98-3     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           JANUARY 26, 1999
BILLY R. WELLS, JR.

              FROM THE CIRCUIT COURT OF WISE COUNTY
                      Ford C. Quillen, Judge

          Martin Wegbreit (Client Centered Legal
          Services of Southwest Virginia, Inc., on
          briefs), for appellant.

          Frederick W. Adkins (Cline, Adkins & Cline,
          on brief), for appellee.


     Amy C. Wells (wife) appeals the trial court's order denying

her motion to dismiss for lack of subject matter jurisdiction.

Because this order is interlocutory in nature and did not

adjudicate the principles of the cause, we dismiss the appeal.[1]

                              I.

     On February 20, 1997, wife filed a Petition for Dissolution

of Marriage in the Circuit Court of Hendry County, Florida,

seeking a divorce, child custody, spousal and child support, and

attorneys' fees.[2]  Billy R. Wells (husband), a resident of

_____

[1]On appeal, wife argues that the court erred: (1) in
exercising jurisdiction over the divorce and the child custody
proceedings and (2) in failing to afford the Florida orders full
faith and credit under Virginia's provisions of the U.C.C.J.A.,
Code § 20-136. Because of the procedural posture of the case, we
do not reach the merits of the second claim.

[2]The record before us provides no testimony regarding the
underlying dispute between the parties. Rather, the parties have

Virginia, filed a motion to dismiss the Florida action for lack of subject matter jurisdiction.  The parties' four minor children have lived with wife for various time periods in North Carolina and Florida; however, the children currently reside in Virginia with husband.

On March 27, 1997, husband filed a Bill of Complaint in Wise County Circuit Court, Virginia, seeking a divorce and child custody.  Wife entered a special appearance and moved to dismiss that bill of complaint for lack of subject matter jurisdiction.[3]  Following a hearing, the trial court denied wife's motion.  The trial court stated:

> The Court having considered the arguments of Counsel and documents filed hereby finds . . . that the [husband] is in the proper jurisdiction to bring a divorce action and has filed a divorce action in Wise County which is proper jurisdiction; . . . that the children are presently living in Virginia and have lived in North Carolina and Florida.
> THEREFORE, the Court doth ADJUDGE, ORDER and DECREE that the Motion of the [wife] be and is hereby denied and the Court retains the jurisdiction of the above-styled cause in Wise County, State of Virginia.  The Court doth further ADJUDGE, ORDER AND DECREE that the Florida orders are not determinative of child custody.  The Court also doth ADJUDGE, ORDER AND DECREE that the Court not only

included only pleadings and orders of the trial court and the Florida court.

[3]In the trial court, wife filed a pleading entitled, "Special Appearance, Motion to Rehear, Motion to Dismiss Divorce, Objection to Jurisdiction over Child Custody and Visitation, and Motion to Grant Full Faith and Credit to Florida Orders."  The trial court addressed each of wife's objections in its order dated April 3, 1998.

- 2 -

retains jurisdiction over the divorce case in Wise County, Virginia, but also claims jurisdiction over child custody and visitation in Wise County, Virginia.
This cause is retained upon the docket for further proceedings in this matter.

Wife noted her appeal to this order.

                                    II.

This Court has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code § 17.1-405(3)(f) and (4), recodifying Code § 17-116.05(3)(f) and (4). A final decree is one "which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court." Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (internal quotation marks and citations omitted).

The parties agree that the trial court's order denying wife's objection to jurisdiction is a non-final, interlocutory order. Therefore, unless it constitutes an interlocutory order that "adjudicates the principles of the cause," we do not have jurisdiction to consider an appeal.

An interlocutory decree adjudicates the principles of a cause where "`the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the

- 3 -

subject matter of the suit.'"

*Moreno v. Moreno*, 24 Va. App. 227, 231, 481 S.E.2d 482, 485 (1997) (quoting *Pinkard v. Pinkard*, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting *Lee v. Lee*, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925))).  An interlocutory decree that adjudicates the principles of a cause is one which must "determine the rights of the parties" and "would of necessity affect the final order in the case."  *Erikson*, 19 Va. App. at 391, 451 S.E.2d at 713.  "[T]he mere possibility that an interlocutory decree may affect the final decision in the trial does not necessitate an immediate appeal."  *Id.* (internal quotation marks and citations omitted).

An interlocutory order that adjudicates the principles of a domestic relations dispute "must respond to the chief object of the suit," *id.*, which is to determine the status of the parties' marriage and the custody of the parties' children, and, if appropriate, to award spousal and child support.  *See id.* (child support modification); *Nenninger v. Nenninger*, 19 Va. App. 696, 697, 454 S.E.2d 45, 45 (1995) (divorce decree and equitable distribution).

In the present case, the trial court's order, which denied wife's motion to dismiss for lack of jurisdiction, fulfilled neither requirement.  No final custody determination or decree of divorce has been entered.  The specific language of the trial court's order establishes the need for further hearings to

- 4 -

resolve these issues.  Accordingly, we are without jurisdiction to consider the appeal.  See Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 527-28, 495 S.E.2d 540, 543 (1998) (holding that the commission's determination of jurisdiction does not constitute a final order appealable to this Court).

Our holding is consistent with the holdings of many of our sister states who have held that a trial court's decision on a challenge to jurisdiction is a non-appealable interlocutory order.  See Atlanta Hanggliders & Ultralights, Inc. v. Rountree, 314 S.E.2d 679, 680 (Ga. Ct. App. 1984) (holding that an "order of the trial court denying [a] motion to dismiss for lack of jurisdiction . . . is an interlocutory order which is not appealable without a certificate of immediate review"); Duke Univ. v. Bryant-Durham Elec. Co., 311 S.E.2d 638, 639 (N.C. Ct. App. 1984) ("A trial judge's order denying a motion to dismiss for lack of subject matter jurisdiction is interlocutory and not immediately appealable."); Burry v. Raisbeck, 605 N.Y.S.2d 204, 204 (N.Y. Fam. Ct. 1993) (dismissing an appeal from an interlocutory order denying motion to dismiss for lack of personal jurisdiction); Ratz v. Ratz, 518 A.2d 317, 319 (Pa. Super. Ct. 1986) ("[A] party challenging an order sustaining subject matter jurisdiction may not appeal the interlocutory order as a matter of right.").

In those states where courts have allowed an appeal from an interlocutory order denying an objection to jurisdiction, a state

- 5 -

statute or court rule specifically grants such a right of appeal. See, e.g., Parrish v. South Bank, N.A., 657 So.2d 1189, 1190 n.1 (Fla. Dist. Ct. App. 1995) (court rule authorizing "a non-final appeal from an order relating to jurisdiction over the person"); Torborg v. Fort Wayne Cardiology, Inc., 671 N.E.2d 947, 948 (Ind. Ct. App. 1996) (court rule allowing an appeal from interlocutory order addressing personal jurisdiction over the parties); County of Bexar v. Garcia, 974 S.W.2d 107, 108 (Tex. App. 1998) (state statute authorizing an "appeal from an interlocutory order that grants or denies governmental unit's plea to jurisdiction").

Neither Code § 17.1-405, recodifying Code § 17-116.05, nor any Rule of the Supreme Court authorizes an appeal here. Rather, the code limits our appellate jurisdiction to final decrees in domestic relations matters arising under Titles 16.1 or 20, or interlocutory decrees or orders "adjudicating the principles of a cause." Code § 17.1-405(3)(f) and (4), recodifying Code § 17-116.05(3)(f) and (4). No other statutory provisions authorize an immediate right of appeal from a trial court's order on a jurisdictional challenge. Consequently, we are without jurisdiction to entertain this appeal.

Dismissed.