COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


MEDTECH HEALTH CARE TRAINING

MEMORANDUM OPINION[*] BY
v.    Record No. 2762-99-4    JUDGE ROSEMARIE ANNUNZIATA
MAY 23, 2000

VIRGINIA BOARD OF NURSING


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Richard E. Gardiner for appellant.

Howard M. Casway, Assistant Attorney General
(Mark L. Earley, Attorney General; Ashley L.
Taylor, Jr., Deputy Attorney General;
Jane D. Hickey, Senior Assistant Attorney
General, on brief), for appellee.


Medtech Health Care Training ("Medtech") appeals from a

judgment of the Circuit Court of Fairfax County, affirming

certain findings of the Virginia Board of Nursing ("Board").

Medtech contends the Board's findings were not based upon

substantial evidence in the record and that the circuit court

erred in failing to rule on Medtech's contention that one of the

Board's factual findings resulted from a misinterpretation of

the pertinent regulation.  We dismiss the appeal.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

Medtech was granted provisional approval to operate a practical nursing program in March, 1995.  Provisional approval authorizes the admission of students based upon a determination that the training program has sufficient faculty and is developing a tentative curriculum.  Following the graduation of its first class in June, 1996, a survey visit was conducted by the Board to determine whether to grant final approval to Medtech's application.  During the visit a number of deficiencies were noted, but no action was taken at that time because the Board's regulations then in effect required that Medtech be accredited by the Southern Association of Colleges and Schools before the Board could take further action, and Medtech was not yet accredited.  In March, 1998, on the recommendation of its Education Committee, the Board advised Medtech that it had six months to obtain the required accreditation.  On October 7, 1998, following a hearing, an order was entered which continued Medtech's provisional approval, subject to an unannounced survey visit and the submission of quarterly reports by Medtech.  The continued provisional approval and conditions were due to on-going uncorrected deficiencies in Medtech's training program.

On February 17 and 18, 1999, the Board sent reviewers to conduct the unannounced survey visit as required by the October

7, 1998 order.  The Board's Education Special Conference Committee recommended denial of final approval and withdrawal of provisional approval because of continuing deficiencies noted on this visit.

After a hearing was held on July 19, 1999, the Board entered a final order withdrawing Medtech's provisional approval for its practical nursing education program.  The decision was based on the Board's determination that Medtech had failed to comply with the regulatory requirements for continued approval of its program, noted in eleven specific failures.  Upon Medtech's appeal to the circuit court, seven of these findings of fact were affirmed.[1]  The court suspended the Board's order and remanded the matter to the Board "for further proceedings as the Board deems necessary."  This appeal followed.

### ANALYSIS

Medtech contends the court erred in affirming the seven factual findings under consideration in this appeal because they were not based on substantial evidence in the record.  Medtech also contends that finding 2(j) misconstrued 18 VAC 90-20-130(A), and the circuit court erred in failing to rule on

---

[1] The Board's findings of fact affirmed by the circuit court are those designated 2(b), 2(c), 2(d), 2(e), 2(f), 2(i), and 2(j) in the Board's order of July 19, 1999.  The remaining four factual findings were reversed by the circuit court as not being adequately noticed, and are not under consideration in this appeal.

this question. For the reasons that follow, we lack jurisdiction to decide this appeal.

Code § 17.1-405(1) grants "[t]his Court . . . appellate jurisdiction over any final decision of a circuit court on appeal from a decision of an administrative agency." Hoyle v. Virginia Employment Comm'n, 24 Va. App. 533, 537, 484 S.E.2d 132, 133 (1997) (internal quotation omitted). The Board is an administrative agency. See Code §§ 2.1-1.6; 9-6.25:2. "A final decision is one 'which disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court.'" Wells v. Wells, 29 Va. App. 82, 85-86, 509 S.E.2d 549, 551 (1999) (quoting Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994)). "[U]nless [an interlocutory order] constitutes an . . . order that 'adjudicates the principles of a cause,' we do not have jurisdiction to consider an appeal." Id. at 86, 509 S.E.2d at 551.

> An interlocutory decree adjudicates the principles of a cause where "the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit."

Id. (quoting Moreno v. Moreno, 24 Va. App. 227, 231, 481 S.E.2d 482, 485 (1997)) (additional citations omitted); see Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 600,

- 4 -

471 S.E.2d 827, 830 (1996) ("[A]n order adjudicates the principles of a cause only if it determines the rights of the parties and affects the final order in the case.").  Thus, unless the circuit court's order remanding the matter before us to the Board "adjudicates the principles of the cause," we lack jurisdiction to consider the appeal.

In the present case, the circuit court's order remanding the matter to the Board "for further proceedings as the Board deems necessary" is an interlocutory order that does not adjudicate the principles of the cause.  Consequently, we lack jurisdiction to address the matter, and dismiss the appeal.

<u>Dismissed</u>.
