COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Olitsky[*]
Argued at Richmond, Virginia


CHRISTOPHER L. WHITAKER
                                          OPINION BY
v.   Record No. 0640-99-2        JUDGE JAMES W. BENTON, JR.
                                          JULY 11, 2000
ROBIN L. DAY AND
 EMILIE MILLS AND KRISTEN MILLS,
 INFANTS, BY THEIR GUARDIAN AD LITEM


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Judge

          John H. Goots (Chalkley & Witmeyer, L.L.P.,
          on brief), for appellant.

          No brief or argument for appellee Robin L.
          Day.

          Jennifer C. Hollar, Guardian ad litem
          (Berkeley & Hollar, on brief), for appellees
          Emilie Mills and Kristen Mills, infants.


     This proceeding began in the juvenile and domestic relations

district court with a petition against Christopher L. Whitaker to

establish paternity and child support, filed on behalf of infants,

Emilie and Kristen Mills, by their guardian ad litem.  Following

an appeal to the circuit court, the trial judge overruled

Whitaker's plea of res judicata, ordered blood testing to

determine paternity, and remanded the proceeding to the juvenile

     [*] Retired Judge Norman Olitsky took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

court.  Whitaker appeals from that order and contends the trial judge erred in ruling that the petition was not barred by res judicata.  Because the trial court's interlocutory order neither adjudicates the principles of the cause nor involves an order granting, dissolving or denying an injunction, we dismiss the appeal.

I.

The guardian ad litem filed this action on behalf of the two infant children in 1997 in the juvenile court and served as respondents the children's mother, Robin Day, and Whitaker, who is alleged to be their father.  Although the petition was styled In re:  Emilea Mills and Kristin Mills, the juvenile court docketed the matter as Robin Lynn Day v. Christopher Whitaker, In re: Emilea Mills and Kristen Elizabeth Mills.  Day appeared in court but filed no pleadings and apparently has had no attorney of record throughout these proceedings.  Whitaker was represented by an attorney.  The children were represented by their guardian ad litem, an attorney.

Whitaker sought to have the petition dismissed, alleging that the proceeding was barred by res judicata.  The juvenile court judge denied the motion to dismiss and ordered blood tests as requested by the petition.  On appeal to the circuit court, this matter was styled Day v. Whitaker, In re:  Emilea S. Mills and Kristin E. Mills.  After receiving memoranda and hearing arguments of counsel, the trial judge denied Whitaker's plea of res judicata

-

and motion to dismiss.[1]  The trial judge entered an order, which

provides in pertinent part as follows:

> This day appeared Robin L. Day in person,
> the defendant, Christopher L. Whitaker in
> person and by his attorney, . . . and the
> children, Emilie S. Mills and Kristin E.
> Mills by their guardian ad litem, . . . ;
> this being a petition to establish paternity

---

[1] Whitaker's motion to dismiss relied upon documents showing that on March 28, 1994, the Division of Child Support Enforcement filed in the juvenile court a petition for support on behalf of Day against Christopher Mills and Whitaker.  The Division, filing on behalf of Day, was represented by counsel.  The juvenile court appointed a guardian ad litem to represent Emilie and Kristen Mills.  Christopher Mills was also represented by counsel.  At the request of the Division, the juvenile court dismissed the suit by order, stating that Mills acknowledged his paternity of the children.

On April 18, 1994, Day filed in the juvenile court a petition for support against Whitaker, a petition to establish paternity against Whitaker, and a petition to determine custody against Whitaker and Mills.  Mills, who was named as the "legal father," filed a petition to determine visitation.  The children were not named as parties in these petitions, and the file does not reflect that they were represented by a guardian ad litem.  On June 22, 1994, the juvenile court judge entered an order dismissing the petition for support and the petition to determine paternity against Whitaker, stating in the order that Mills' "paternity acknowledgement under oath shall have the same legal effect as a judgment."  Day filed an appeal of this order; however, she did not appear in the circuit court.  An order was entered in the circuit court dismissing the appeal.

On April 18, 1995, Susan Lewis, the maternal grandmother of the children, filed in juvenile court a petition for custody of the children.  Although Mills was listed as the father, the judge, nevertheless appointed a guardian ad litem to represent Whitaker, apparently because Whitaker's address was unknown.  Day, who was incarcerated, was also represented by a guardian ad litem.  Whitaker's guardian ad litem filed an answer on his behalf pleading that because the circuit court had already determined that Mills was the father of the children, res judicata should apply.  Finding that Mills was the children's father by giving res judicata effect to the prior order, the judge dismissed Whitaker from the proceedings.  Two years later, this current proceeding commenced.

-

and an appeal of the order ordering the blood test.

And the Court having considered the argument of counsel for [Whitaker], that the ordering of a blood test is barred by the plea of res judicata, and the Court having considered the motion, denies the motion to which action the defendant Christopher Whitaker, objects.

Accordingly the aforesaid blood test is ORDERED and this matter is remanded to the Henrico Juvenile and Domestic Relations District Court.

Whitaker appeals from this order and contends the trial judge erred in ruling that the petition to establish paternity and support was not barred by res judicata.

II.

Pertinent to the jurisdiction of this Court, we have ruled as follows:

> This Court has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code § 17.1-405(3)(f) and (4), recodifying Code § 17-116.05(3)(f) and (4). A final decree is one "which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court." Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (internal quotation marks and citations omitted).

Wells v. Wells, 29 Va. App. 82, 85-86, 509 S.E.2d 549, 551 (1999).

-

The petition that commenced this proceeding seeks an order requiring genetic or appropriate blood tests, a ruling adjudicating paternity, and an award of support for the children. Based upon the written memoranda and arguments of counsel, the trial judge determined only that the plea of res judicata did not bar this proceeding and that testing should proceed. The trial judge did not adjudicate paternity or award support.

A ruling denying a motion to dismiss, which alleges that the action is barred by principles of res judicata, is interlocutory and, therefore, is not ripe for appeal. See Country Club of Johnston County, Inc. v. United States Fidelity and Guaranty Co., 519 S.E.2d 540, 546 (N.C. Ct. App. 1999) (holding that "denial of a motion for summary judgment based upon the defense of res judicata may involve a substantial right so as to permit immediate appeal only 'where a possibility of inconsistent verdicts exists if the case proceeds to trial'"); State ex rel. Thomas v. Mixon, 674 So.2d 611, 612 (Ala. Civ. App. 1995) (reversing for lack of jurisdiction a trial judge's granting of a motion to dismiss on res judicata grounds because "Mixon improperly appealed from [a juvenile court's] interlocutory order"); Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala. 1995) (permitting an appeal although recognizing that it arises "from [an] interlocutory order denying a dismissal" on res judicata grounds); See also E.E.O.C.

-

v. Federal Reserve Bank of Richmond, 698 F.2d 633, 674 (4th Cir. 1983) (noting that, under federal statutes, when a trial judge enters an order denying a motion to dismiss the action, which alleges a bar of res judicata, an interlocutory appeal may proceed upon an appropriate certification).  When the trial judge refused to dismiss this case and remanded the matter to the juvenile court, the trial judge "did not resolve any factual or legal issues concerning the merits of the [case]."  Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 600, 471 S.E.2d 827, 830 (1996).  The order merely denied Whitaker's motion to dismiss and remanded the matter to the juvenile court for further action.  This order is, therefore, not a final decree "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'"  Wells, 29 Va. App. at 85-86, 509 S.E.2d at 551 (citation omitted).

Furthermore, the order did not adjudicate "the principles of a cause."  Code § 17.1-405(4), recodifying Code § 17-116.05(4).  An interlocutory decree adjudicates the principles of a cause when "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"  Pinkard v. Pinkard, 12 Va. App. 848, 851,

-

407 S.E.2d 339, 341 (1991) (citation omitted).  The trial judge's order merely held that the petitioners could proceed with their action and remanded the case to the juvenile court for those further proceedings.  "The mere possibility that [the remand order] . . . may affect the final decision in the trial does not necessitate an immediate appeal."  Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342.  The order did not adjudicate the principles of the cause or decide an issue which would of necessity affect the final decision in the case.  See Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991); Weizenbaum v. Weizenbaum, 12 Va. App. 899, 902-03, 407 S.E.2d 37, 341 (1991).

For these reasons, we hold that the trial judge's order denying Whitaker's motion to dismiss, which alleges that the action is barred by res judicata, is a non-appealable, interlocutory order.  Accordingly, we dismiss the appeal.

Dismissed.

-