COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


RAYMOND Y. SHETZLINE

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0345-11-4                  JUDGE ROSEMARIE ANNUNZIATA
                                                         FEBRUARY 21, 2012

RACHEL SHETZLINE


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                                    J. Martin Bass, Judge

            (Stephen M. Farmer; Steven P. Woodside; Stephen M. Farmer, P.C.,
            on briefs), for appellant.  Appellant submitting on briefs.

            (Brenda Lee Greene; Rinehart, Butler, Hodge & Moss, PLC, on
            briefs), for appellee.  Appellee submitting on briefs.


        Raymond Y. Shetzline (father) appeals from a January 20, 2011 order of the circuit court

finding it lacked the authority to declare a May 28, 2010 juvenile and domestic relations district

court (juvenile court) order void *ab initio*.  On appeal, father contends the circuit court erred 1) in

ruling it lacked the authority to declare the juvenile court order void and 2) by failing to declare

the juvenile court order void.  For the reasons that follow, we conclude we do not have jurisdiction

over this appeal because it arises from neither a final order nor an appealable interlocutory order

within the meaning of Code § 17.1-405.  Accordingly, we dismiss this appeal.

                                        BACKGROUND

        The parties were married on August 19, 1995.  Four children were born during the marriage.

Father left the marital residence in February 2009 and has not returned.  In October 2009, Rachel

Shetzline (mother) obtained through the juvenile court a protective order against father.  In

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

November 2009, mother petitioned the juvenile court for custody of the children, child and spousal support, and also sought permission to relocate with the children from Virginia to Washington.

On December 18, 2009, father filed a complaint for divorce in circuit court directly raising the issues of child custody and support. Father also filed a *pendente lite* motion asking to be placed on the circuit court's January 8, 2010 docket. Mother filed an answer to father's complaint and a cross-complaint for divorce on January 11, 2010. Father rescheduled the *pendente lite* hearing to February 12, 2010. Mother also filed a motion for *pendente lite* relief to be heard on February 12.

The circuit court entered a *pendente lite* order on February 12, 2010 granting mother a unitary award of child and spousal support. Issues of custody and visitation were continued to March 25, 2010. Meanwhile, the juvenile court conducted a pre-trial conference on March 2, 2010 and set trial for custody and visitation determinations for May 28, 2010.

The circuit court entered a *pendente lite* order on March 26, 2010, *nunc pro tunc* to February 12, 2010. Mother also deferred matters of custody and visitation to June 7, 2010.

On May 28, 2010, the juvenile court conducted a trial and permitted mother to relocate to Washington with the parties' children. Father timely appealed the custody order to the circuit court, noting he was appealing "all issues."

Thereafter, father moved the circuit court to declare the May 28, 2010 juvenile court order void *ab initio* because the juvenile court previously had been divested of jurisdiction pursuant to Code § 16.1-244(A). The circuit court ruled it did not have the authority to declare the order void. This appeal followed.

ANALYSIS

The Virginia Court of Appeals is a court of limited jurisdiction. Lewis v. Lewis, 271 Va. 520, 524, 628 S.E.2d 314, 316 (2006) (citing Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). Unless a statute confers subject matter

- 2 -

jurisdiction to this Court over an appeal, we are without authority to review that appeal. Id. at 524-25, 628 S.E.2d at 316-17. The Court of Appeals of Virginia has subject matter jurisdiction over "any final judgment, order, or decree of a circuit court involving . . . divorce; spousal or child support; [and] any interlocutory decree . . . entered in [such] cases . . . adjudicating the principles of a cause." Code § 17.1-405(3)(b) & (d); (4)(ii).

"[A] final order or decree is one that disposes of the entire matter before the court, giving all the relief contemplated and leaving nothing to be done by the court except the ministerial execution of the court's order or decree." McLane v. Vereen, 278 Va. 65, 70, 677 S.E.2d 294, 297 (2009). If "further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory." Brooks v. Roanoke County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960). Orders retaining "jurisdiction to reconsider the judgment or to address other matters still pending in the action" lack finality. Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002). At the motion hearing, the circuit court specifically noted there were numerous issues in the case yet to be considered including custody and visitation of the children as well as the parties' complaints for divorce. In this case, the appealed order did not resolve all issues before the circuit court and, thus, is an interlocutory order over which we have limited subject matter jurisdiction. Indeed, by appealing the case from the juvenile court to the circuit court, father specifically sought further relief.

Father had appealed the matter to the circuit court, thus putting the entire case before the circuit court. "In all cases on appeal [from the juvenile court], the circuit court in the disposition of such cases shall have all the powers and authority granted [to the juvenile court] . . . ." Code § 16.1-296(I). See Peyton v. French, 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966).

An interlocutory order adjudicates the principles of a cause when:

> "the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit."

Moreno v. Moreno, 24 Va. App. 227, 231, 481 S.E.2d 482, 485 (1997) (quoting Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991)).

> An interlocutory order "adjudicating the principles of a cause" "must 'determine the rights of the parties' and 'would of necessity affect the final order in the case.'" Erikson v. Erikson, 19 Va. App. 389, 391, 451 S.E.2d 711, 713 (1994) (quoting Pinkard[], 12 Va. App. [at] 851, 407 S.E.2d [at] 341[]). The order must be one that "adjudicates the underlying cause." City of Richmond-Fire & Emergency v. Brandon, 32 Va. App. 787, 789, 531 S.E.2d 22, 23 (2000). The order must address "the chief object[s] of the suit." Erikson, 19 Va. App. at 391, 451 S.E.2d at 713 (internal quotation marks and citation omitted). Typically, [in divorce matters] such goals include obtaining a divorce, determining custody of children, deciding whether to grant child or spousal support, and resolving equitable distribution. Wells v. Wells, 29 Va. App. 82, 86, 509 S.E.2d 549, 551 (1999). The simple chance that a decree might affect the final order does not entitle a party to appeal. Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991).

de Haan v. de Haan, 54 Va. App. 428, 439-40, 680 S.E.2d 297, 303 (2009).

In this case, the order appealed from does not determine the rights of the parties or affect the final order. An interlocutory order that adjudicates the principles of a domestic relations dispute "must respond to the chief object of the suit," Pinkard, 12 Va. App. at 352, 407 S.E.2d at 341-42, which is to determine the status of the parties' marriage and the custody of the parties' children, and, if appropriate, to award spousal and child support.

"[W]here a trial court in a divorce suit enters an order resolving only some of the main objects of the suit, such an order normally does not adjudicate 'the principles of a cause.'" de Haan, 54 Va. App. at 443, 680 S.E.2d at 305. In fact, "a trial court's decision on a challenge to

- 4 -

jurisdiction is a non-appealable interlocutory order." Wells, 29 Va. App. at 87, 509 S.E.2d at 551-52.

When the trial judge refused to declare the juvenile court order void *ab initio* as requested by father, the trial judge "did not resolve any factual or legal issues concerning the merits of the [case]." Canova Elec. Contr., 22 Va. App. at 600, 471 S.E.2d at 830. The order merely denied father's motion to vacate the order and retained the other matters in the case to be determined at a later time. Because the trial court's denial of father's motion to dismiss was neither a final order nor an appealable interlocutory order, we do not have jurisdiction to hear this appeal.

Accordingly, this appeal is dismissed.

Dismissed without prejudice.

McCullough, J., concurring.

I agree that this Court lacks jurisdiction. I write separately, however, to emphasize two points. First, the "notice and motion" filed in this case was not filed as a separate motion to vacate. Instead, it was filed as a part of the appeal of the custody determination made by the juvenile court. Second, had father filed an independent motion to vacate, this Court would lack jurisdiction over an appeal from a denied motion to vacate.

The Supreme Court of Virginia has noted that an order that is void *ab initio* is a "complete nullity [that] may be impeached . . . collaterally by all persons, anywhere, at any time, or in any manner." Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (internal quotation marks and citation omitted). This statement presupposes that the court entertaining the collateral attack on the allegedly void order itself has jurisdiction. If a court lacks jurisdiction over the collateral attack, it may not consider the collateral attack or, in this instance, the appeal from the collateral attack – even when the collateral attack attacks an order as void. See Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001). In short, a court without jurisdiction cannot say that another court lacked jurisdiction. As the panel correctly concludes, this Court does not have jurisdiction. Therefore, we must dismiss the appeal.

The Supreme Court of Virginia has recognized that "[w]ant of subject matter may be raised by motion" and that "a motion to vacate is an appropriate procedural device to challenge a void conviction." Rawls v. Commonwealth, 278 Va. 213, 217, 683 S.E.2d 544, 547 (2009) (citations omitted). If a motion to vacate is filed as a separate action, once the motion to vacate is denied, nothing remains to be done. In that situation, denial of a motion to vacate constitutes a final order subject to appeal. See Williams v. Dean, 175 Va. 435, 439, 9 S.E.2d 327, 329 (1940). The "notice and motion" at issue here was not filed as an independent action. Instead, it bears the same case number as father's appeal from juvenile court to circuit court. It sought relief in

- 6 -

the "above styled" case, which was the appeal from juvenile court. As father notes in his brief on page 6, this notice and motion was filed "in the appeal of the J&DR order." The order denying father's notice and motion, therefore, was not a final order because the issue of custody is not yet resolved.

Finally, when a motion to vacate is filed as an independent action, such motions are appealed to the Supreme Court of Virginia, not to this Court. In <u>Southerly</u>, 262 Va. at 299, 551 S.E.2d at 653, the Supreme Court of Virginia concluded that motions to vacate were civil in nature and that this Court lacked jurisdiction over appeals denying motions to vacate.[1]

---

[1] Although the Supreme Court of Virginia has observed that motions to vacate can be employed to challenge void orders, it has not addressed whether a motion to vacate is available in the situation where a court not of record has entered an order, that order is on appeal to the circuit court, and the litigant simultaneously alleges in a separate motion to vacate that the order entered by the court not of record is void. The motion to vacate in <u>Southerly</u>, for example, was filed to attack an order of conviction that had become final years before. 262 Va. at 296, 551 S.E.2d at 651. Principles of judicial economy certainly would suggest that the appeal from a court not of record should be allowed to take its course in the circuit court. Resolution of such questions, however, would in the appropriate case rest with the Supreme Court of Virginia.