COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


CITIZEN POTAWATOMI NATION


v.      Record No. 1713-12-2


DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


CITIZEN POTAWATOMI NATION

                                                   MEMORANDUM OPINION[*] BY
v.      Record No. 1724-12-2                        JUDGE WILLIAM G. PETTY
                                                      SEPTEMBER 10, 2013
DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


CITIZEN POTAWATOMI NATION


v.      Record No. 1725-12-2


DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


CITIZEN POTAWATOMI NATION


v.      Record No. 1726-12-2


DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


               FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                        Pamela S. Baskervill, Judge

          Lawrence D. Diehl (Ann Brakke Campfield; Brandy M. Poss;
          Barnes & Diehl, P.C., on briefs), for appellant.

          Joan M. O'Donnell for appellee.

          Sherry L. Gill (Jacobs, Caudill & Gill, on brief), Guardian *ad litem*
          for the infant children.

_____
          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

This appeal involves the application of the Indian Child Welfare Act, 25 U.S.C. §§ 1901-1963 (2012) ("ICWA"), to proceedings brought to terminate the parental rights of an Indian parent. Citizen Potawatomi Nation ("Nation"), a federally recognized Native American Indian Tribe, appeals from an order of the Circuit Court of Dinwiddie County ("circuit court") denying its motions to transfer the termination proceedings[1] to the Citizen Potawatomi Nation District Court, Juvenile Division (the "tribal court"). On appeal, the Nation assigns four errors to the circuit court's ruling. On brief, the Dinwiddie Department of Social Services ("DSS") argues that this Court does not have jurisdiction to hear this appeal because the circuit court's order denying the Nation's motion to transfer was not a final order. We agree with DSS. The order from which the Nation appealed is neither a final order nor an appealable interlocutory order; therefore, we dismiss the appeal.

## I. BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

In February 2009, Renee Bagley Nunnally ("mother") gave birth to twins, R. and T. ("twins"). The father of the twins is Timothy Nunnally ("father"). Mother is an enrolled member of the Nation, and the circuit court found that the twins are members, or eligible to become members, of the Nation. See 25 U.S.C. § 1903(4).

As a result of allegations of abuse and neglect, the twins' guardian *ad litem* ("GAL") filed petitions in the Juvenile and Domestic Relations District Court for Dinwiddie County

---

[1] This appeal involves four separate cases. The Dinwiddie Department of Social Services filed two separate cases against each parent, one for each child. The Nation was involved in each case. This appeal concerns only the Nation's interests. Separate appeals have been filed by the mother and father.

("JDR court") alleging that the twins were children in need of services. The JDR court subsequently transferred custody of the twins to DSS. While custody proceedings were pending in the JDR court, DSS notified the Nation that it was pursuing termination of parental rights. The Nation filed a motion to intervene[2] and a motion to transfer[3] the proceedings to the tribal court. The JDR court denied the motion to transfer but granted the motion to intervene. On October 14, 2011, the JDR court denied DSS's petition to terminate parental rights. DSS and the GAL appealed to the circuit court.

In the circuit court, the Nation again filed a notice of intervention and a motion to transfer the case to the tribal court. The circuit court heard evidence on January 9, 2012; January 30, 2012; June 4, 2012; and September 11, 2012. At the end of the January 9, 2012 hearing, the circuit court denied the Nation's motion to transfer. But the circuit court continued to hear evidence on the issue in the subsequent hearings. Ultimately, on August 27, 2012, the circuit court entered a written order denying the motion to transfer and continued the case for further proceedings on the issue of termination pursuant to ICWA and Virginia Code § 16.1-283. On September 26, 2012, the Nation filed a notice of appeal. Following the denial of the motions to transfer, and subsequent to

---

[2] 25 U.S.C. § 1911(c) provides Indian tribes with the right to intervene "[i]n any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child."

[3] Under ICWA, an Indian tribe, or the parents of an Indian child, may file a motion to transfer a child custody proceeding to the jurisdiction of an Indian tribe. See 25 U.S.C. § 1911. 25 U.S.C. § 1911(b) contains the jurisdictional provisions of ICWA concerning Indian children who are not domiciled on an Indian reservation:

> In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: *Provided*, that such transfer shall be subject to declination by the tribal court of such tribe.

the Nation's notice of appeal, the circuit court held hearings on DSS's termination of parental rights petition. The Nation participated in these hearings as interveners. On October 2, 2012, the circuit court entered orders for the involuntary termination of the parents' parental rights.[4]

## II. ANALYSIS

DSS argues on brief that we do not have jurisdiction to hear this appeal because the circuit court's August 27 order denying the Nation's motion to transfer was not a final order. We agree.

"'The Court of Appeals is a court of limited jurisdiction.'" de Haan v. de Haan, 54 Va. App. 428, 436, 680 S.E.2d 297, 301 (2009) (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). Our jurisdiction is specified by statute. Id. "This Court has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or 'adjudicating the principles of a cause.'" Wells v. Wells, 29 Va. App. 82, 85-86, 509 S.E.2d 549, 551 (1999) (quoting and citing Code § 17.1-405(3)(f), (4)). "Generally, a final order 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Prizzia v. Prizzia, 45 Va. App. 280, 285, 610 S.E.2d 326, 329 (2005) (quoting James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002)). However, "[a]n order that 'retains jurisdiction to reconsider the judgment or to address other matters still pending' is not a final order." Id. (quoting Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002)). Therefore, "a 'decree which leaves anything in the cause to be

---

[4] The parents also appealed the circuit court's orders. Those appeals are disposed of in a separate memorandum opinion: Nunnally v. Dinwiddie Dep't of Soc. Servs., Nos. 1947-12-2, 1948-12-2, 1949-12-2 (Va. Ct. App. Sept. 10, 2013).

- 4 -

done by the court is interlocutory,' rather than final, in nature." Id. (quoting Dearing v. Walter, 175 Va. 555, 561, 9 S.E.2d 336, 338 (1940)).[5]

### A. The August 27 order was not a final order

The ultimate issue that the circuit court had to resolve in this case was whether the parents' parental rights should be terminated. Before it could reach this issue, however, the circuit court had to determine which court had jurisdiction—it or the tribal court. The motion to transfer was merely a procedural step that the circuit court had to navigate along the road to deciding whether the parents' parental rights should be terminated. It was not, contrary to the Nation's argument, the circuit court's final destination in adjudicating the merits of the case.

In its notice of appeal, the Nation appealed "from the Order Denying Motions to Transfer of [the circuit court] entered on August 27, 2012[,] which was a final order as it relates to the rights of the [Nation]." Contrary to the Nation's contention, the August 27 order denying the motions to transfer was not a final order.[6] The August 27 order did not "'dispose[] of the whole subject, give[] all the relief that is contemplated, and leave[] nothing to be done by the court.'" Wells, 29 Va. App. at 85-86, 509 S.E.2d at 551 (quoting Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 712, 713 (1994)). Instead, the order explicitly states that "[t]his cause is continued for further proceedings consistent with this Order." Thus, the circuit court retained jurisdiction of the case to consider other matters still pending before it. The "further proceedings" contemplated by the August 27 order were the termination of parental rights

---

[5] On brief, DSS argues that the Nation should have appealed under Code § 8.01-670.1. However, "Code § 8.01-670.1 applies only to interlocutory appeals to the Supreme Court of Virginia. Thus, the Court of Appeals has no jurisdiction to consider an appeal under Code § 8.01-670.1." Commonwealth v. Fairfax Cnty. Sch. Bd., 49 Va. App. 797, 805, 645 S.E.2d 337, 341 (2007).

[6] We note, however, that if a court *grants* a motion to transfer, then it is a final order because there is nothing left to be done by the court.

proceedings. Accordingly, because the August 27 order failed to resolve the whole subject of

DSS's cause—the termination of parental rights—we find that the August 27 order was not a

final order.[7]

### B. The August 27 order was not an appealable interlocutory order

The August 27 order clearly was an interlocutory order. But it is not an appealable

interlocutory order because it did not adjudicate the principles of the cause.

> An interlocutory decree adjudicates the principles of a cause when
> "the rules or methods by which the rights of the parties are to be
> finally worked out have been so far determined that it is only
> necessary to apply those rules or methods to the facts of the case in
> order to ascertain the relative rights of the parties, with regard to
> the subject matter of the suit."

Whitaker v. Day, 32 Va. App. 737, 743, 530 S.E.2d 924, 927 (2000) (quoting Pinkard v. Pinkard,

12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991)). "An interlocutory decree that adjudicates

the principles of a cause is one which must 'determine the rights of the parties' and 'would of

necessity affect the final order in the case.'" Wells, 29 Va. App. at 86, 509 S.E.2d at 551

(quoting Erikson, 19 Va. App. at 391, 451 S.E.2d at 713). Further, "'[t]he mere possibility that

---

[7] We note that the final order in this case was entered while this appeal was pending before this Court.

> Under settled appellate practice, a notice of appeal of an
> interlocutory order must rise or fall based upon the Court's
> authority under Code § 17.1-405(4). Rule 5A:6(a) provides that no
> appeal "shall be allowed" unless a notice of appeal has been filed
> within 30 days "after" the appealable order. We have recognized
> an exception to this rule in cases where the appellant files the
> notice of appeal after the pronouncement of judgment, but before
> the formal entry of the judgment order. But we have never
> suspended the timing requirement altogether to resurrect an
> otherwise unsuccessful interlocutory appeal.

Alliance v. Va. Marine, 43 Va. App. 724, 727, 601 S.E.2d 684, 685-86 (2004) (citations
omitted). Thus, this appeal was premature and did not become timely simply because a final
order was entered while the appeal was pending.

an interlocutory decree may affect the final decision in the trial does not necessitate an immediate appeal.'" Id. (quoting Erikson, 19 Va. App. at 391, 451 S.E.2d at 713).

Finally, an interlocutory order that adjudicates the principles of the cause "'must respond to the chief object of the suit.'" Id. (quoting Erikson, 19 Va. App. at 391-92, 451 S.E.2d at 713). We have analyzed what constitutes "the chief object of the suit" on several occasions. In Wells we held that the trial court's order denying the appellant's motion to dismiss for lack of subject matter jurisdiction was not an appealable interlocutory order because it did not respond to the chief object of the suit, which was to either make a final custody determination or enter a divorce decree. Id. In Erikson, we held that the trial court's ruling that the parties were validly married was not an appealable interlocutory order because it did not respond to the chief object of the suit, which was to determine whether a divorce would be granted. 19 Va. App. at 391, 451 S.E.2d at 713. In Pinkard, we held that the trial court's ruling on a *pendente lite* award was not an appealable interlocutory order because it did not respond to the chief object of the suit, which was to secure a divorce. 12 Va. App. at 852-53, 407 S.E.2d at 341-42.

Here, the order denying the motion to transfer did not adjudicate the principles of the cause. The order, like the denial of the motion to dismiss in Wells, simply decided which court should adjudicate those principles. It did not address the chief object of the suit, which was to determine whether the parents' parental rights should be terminated. Thus, like the orders in Wells, Erikson, and Pinkard, the August 27 order was not an appealable interlocutory order.[8]

_____

[8] We have noted that there are "significant policy interests [which] counsel against frequent interlocutory appeals." de Haan, 54 Va. App. at 440, 680 S.E.2d at 303. Indeed, "the general rule prohibiting interlocutory appeal 'preserves the [trial] court's independence and protects parties from harassment of separate appeals of individual rulings.'" Id. (alteration in original) (quoting Commonwealth v. Lancaster, 45 Va. App. 723, 733, 613 S.E.2d 828, 832 (2005)). In other words, "interlocutory appeals often result in inefficiency and unnecessary delay and expense." Id. The requirement of a final judgment, on the other hand, "'promotes judicial efficiency, avoiding piecemeal appeals.'" Id. (quoting State Treasurer of the State of Michigan v. Barry, 168 F.3d 8, 16 (11th Cir. 1999)).

### III. CONCLUSION

For the foregoing reasons, we hold that we lack jurisdiction to consider the merits of the

Nation's appeal; therefore, we dismiss the appeal.

<u>Appeal dismissed.</u>

Elder, J., concurring in the result.

The majority dismisses the appeal from the Citizen Potawatomi Nation ("Nation") because the August 27, 2012 order denying the Nation's motion to transfer ("denial order") was not an appealable interlocutory order. Although I agree that the denial order was not a final order, I believe it "adjudicat[es] the principles of a cause," Code 17.1-405(4), under the Indian Child Welfare Act ("ICWA") and is therefore appealable. However, I would dismiss the Nation's appeal as moot and, accordingly, concur in the result reached by the majority.

Whether an interlocutory order adjudicates the principles of the cause depends on the subject matter of the suit. E.g., Wells v. Wells, 29 Va. App. 82, 86, 509 S.E.2d 549, 551 (1999). Although the primary goal of a termination of parental rights proceeding under Virginia law is to determine whether the best interests of the child require the termination of the residual parental rights of a parent or parents, see Code § 16.1-283, ICWA alters this end goal by recognizing the separate tribal interests in children who are members of federally recognized Native American Indian tribes, see 25 U.S.C. §§ 1901-1902. Under ICWA, the purpose of the proceedings focuses not only on the status of the residual parental rights, but also on whether the proceedings comply with the procedural safeguards enunciated in ICWA in order to protect the interests of the intervening tribe. We must therefore analyze the denial order from the perspective of the Nation as the party who filed the motion to transfer.

Here, the Nation sought to transfer the termination proceedings to the tribal court. Although the Nation had continued involvement with the termination proceedings, its primary cause had concluded. By denying its motion to transfer, the circuit court adjudicated the primary goal of the suit as it related to the Nation's involvement because "if the request were granted, the pending proceedings would stop and these matters would be transferred to another forum." State v. Nona M. (In re Interest of Brittany C.), 693 N.W.2d 592, 601 (Neb. Ct. App. 2005).

- 9 -

Notwithstanding my belief that the denial order is an appealable interlocutory order, I believe the proper course of action is to dismiss the appeal as moot. In a separate memorandum opinion, we remanded the appeal of the biological parents for further proceedings consistent with our opinion in <u>Thompson v. Fairfax County Department of Family Services.</u>, ___ Va. App. ___, ___ S.E.2d ___ (Sept. 10, 2013). <u>See</u> <u>Nunnally v. Dinwiddie Dep't of Soc. Servs.</u>, Nos. 1947-12-2, 1948-12-2, 1949-12-2 (Va. Ct. App. Sept. 10, 2013). Because "we conclude[d] that the circuit court *and the parties* should be afforded the opportunity to reconsider this case in light of our newly adopted standards[,]" <u>id.</u> (emphasis added), the Nation will be able to renew its motion to transfer in the parents' remanded proceeding. The Nation therefore "lack[s] a legally cognizable interest in the outcome" of this appeal, <u>Powell v. McCormack</u>, 395 U.S. 486, 496-97, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491, 503 (1969), and we should dismiss the appeal as moot.

Because I would dismiss the present appeal for reasons different from the majority, I respectfully concur in the result.