COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Humphreys and Senior Judge Willis
Argued at Alexandria, Virginia


LOUDOUN COUNTY SCHOOL BOARD

OPINION BY
v.      Record No. 1760-04-4      JUDGE JERE M. H. WILLIS, JR.
APRIL 26, 2005
COMMONWEALTH OF VIRGINIA
  BOARD OF EDUCATION,
  COMMONWEALTH OF VIRGINIA
  DEPARTMENT OF EDUCATION AND
  KRISTIN HOPPER, BY HER PARENTS
  RICHARD E. HOPPER AND LINDA K. HOPPER


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Kathleen S. Mehfoud (Reed Smith, LLP, on briefs), for appellant.

James D. Wright, Associate University Counsel (Jerry W. Kilgore, Attorney General; David E. Johnson, Deputy Attorney General, on brief), for appellees Commonwealth of Virginia, Board of Education and Commonwealth of Virginia, Department of Education.

(Richard E. Hopper, *pro se*, on brief), for appellee Kristin Hopper, By Her Parents Richard E. Hopper and Linda K. Hopper. Appellee submitting on brief.


Pursuant to the Virginia Administrative Process Act (VAPA), Code § 2.2-4000 *et seq.*, the

Loudoun County School Board (the School Board) appealed to the trial court an administrative

decision of the Virginia Department of Education (VDOE). On appeal, the School Board contends

that the trial court erred (1) in holding that a decision by the VDOE pursuant to 8 VAC 20-80-78 is

not reviewable on appeal through VAPA, (2) in holding that it lacked jurisdiction under VAPA to

entertain an appeal of the administrative decision, (3) in holding that Code § 22.1-214(D) applies to

decisions pursuant to 8 VAC 20-80-78, and (4) and in "failing to address the School Board's claim

that it had been denied procedural and substantive due process . . . ." We affirm the judgment of the trial court.

## BACKGROUND

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, provides federal funds to assist state and local agencies in educating disabled children. The IDEA conditions the receipt of such funds upon a state's compliance with certain goals and procedures. The Virginia General Assembly has enacted statutes to ensure compliance with the IDEA requirements. See Code §§ 22.1-213 to 22.1-221. The Virginia Board of Education (VBOE) has developed regulations for implementing the statutory scheme. See 8 VAC 20-80-10 *et seq.*

Code § 22.1-214(A) requires the VBOE to prepare and supervise the implementation of a special education program by each school division. The federal statutory and regulatory framework requires the development of a two-tier system to resolve disputes concerning a school board's compliance with the IDEA and Virginia's corresponding statutes and regulations. The two-tiered system provides a procedure affording due process and a complaint resolution procedure (CRP). See 34 CFR §§ 300.500 – 300.517 and 300.660 – 300.662.

Code § 22.1-214(B) requires the VBOE to adopt procedures affording due process in the resolution of disputes concerning the program. Pursuant to this section, the VBOE adopted 8 VAC 20-80-76, affording due process through adversarial proceedings upon notice before impartial and disinterested arbiters. This case involves neither Code § 22.1-214(B) nor 8 VAC 20-80-76.

Code § 22.1-214(C) authorizes the VBOE to "provide for final decisions to be made by a hearing officer." Pursuant to this statute, the VBOE adopted 8 VAC 20-80-78, providing an

internal CRP before officers designated by VDOE. Proceedings under this regulation are informal and summary and do not afford due process.

In September 2003, pursuant to 8 VAC 20-80-78, Richard and Linda Hopper filed a complaint with the VDOE alleging that the School Board had failed to provide properly for their daughter, a student in a Loudoun County public school. Following its investigation, the VDOE determined that the School Board had failed in some respects to comply with the special education program. It issued a Corrective Action Plan prescribing what was required of the School Board. The School Board appealed the unfavorable aspects of the decision. VDOE reviewed the case and largely affirmed the earlier decision. Asserting that this was an agency decision, the School Board appealed to the circuit court under VAPA.

Concluding that VAPA did not afford it jurisdiction over the case, the trial court dismissed the School Board's appeal. It held that Code § 22.1-214(D) provides for judicial review of a decision under 8 VAC 20-80-78, thus affording due process, and that the VAPA does not apply.

ANALYSIS

The School Board argues that the VDOE's CRP decision is an agency decision appealable to the circuit court under the VAPA.

> The stated purpose of the VAPA is "to supplement present and future basic laws conferring authority on agencies either to make regulations or decide cases as well as to standardize court review thereof save as laws hereafter enacted may otherwise expressly provide." Code § 9-6.14:3.[1] The VAPA "does not supersede or repeal additional procedural requirements in such basic laws." Id. Also, the VAPA expressly exempts certain agencies and agency actions from its provisions. Code § 9-6.14:4.1.[2] Thus, the VAPA is intended to be a default or catch-all source of administrative due process, applicable whenever the basic law fails to provide process. See State Bd. of Health v. Virginia Hosp. Ass'n, 1 Va. App. 5, 332 S.E.2d 793

---

[1] Now Code § 2.2-4000(B). See Acts 2001, c. 844.

[2] Now Code § 2.2-4006. See Acts 2001, c. 844.

(1985). In summary, the VAPA governs an agency's actions except where that agency's basic law provides its own due process or where the VAPA expressly exempts a particular agency or its actions.

School Board v. Nicely, 12 Va. App. 1051, 1058-59, 408 S.E.2d 545, 549 (1991).

Code § 22.1-214(D) provides:

Any party aggrieved by the findings and decision made pursuant to the procedures prescribed pursuant to subsections B and C of this section may bring a civil action in the circuit court for the jurisdiction in which the school division is located. In any such action the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate.

As 8 VAC 20-80-78 prescribes the procedure authorized by Code § 22.1-214(C), a decision under the regulation is a decision under the statute. Therefore, a decision under 8 VAC 20-80-78 is subject to retrial *de novo* under Code § 22.1-214(D). This constitutes part of the basic law of the agency, and thus excludes application of the VAPA. This provision for retrial *de novo* in the circuit court plainly affords due process.

The Supreme Court has held that the "[r]eview of an administrative decision by officers appointed under authority of the Board of Education concerning a special education program for a handicapped child is not subject to the Administrative Process Act (APA), but to the provisions of § 22.1-214(D)." School Bd. of Campbell County v. Beasley, 238 Va. 44, 50, 380 S.E.2d 884, 888 (1989). Although Beasley involved circuit court review of a decision under an 8 VAC 20-80-76 due process proceeding, an administrative decision under an 8 VAC 20-80-78 CRP proceeding, through Code § 22.1-214(C), is also subject to retrial *de novo* in the circuit court under the provisions of Code § 22.1-214(D).

Accordingly, the trial court correctly concluded that it lacked jurisdiction under the VAPA to consider the School Board's appeal. It did not err in dismissing that proceeding. We

note that a proceeding under Code § 22.1-214(D) is entirely different, both in foundation and structure, from a VAPA appeal. The former is a trial *de novo* on the merits, whereas the latter is simply an appellate review of an agency record and decision. <u>See</u> <u>Beasley</u>, 238 Va. at 50, 380 S.E.2d at 888.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>