COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF EDUCATION

                                                              OPINION BY
v.      Record No. 1445-06-4                      JUDGE ROBERT P. FRANK
                                                              JUNE 5, 2007
FAIRFAX COUNTY SCHOOL BOARD AND
  P.L., INDIVIDUALLY AND GUARDIAN FOR A.L.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

Samantha D. Vanterpool, Assistant Attorney General; Anthony P.
Meredith, Assistant Attorney General (Robert F. McDonnell,
Attorney General; David E. Johnson, Deputy Attorney General;
Ronald C. Forehand, Senior Assistant Attorney General/Chief; James
D. Wright, Assistant Attorney General, on briefs), for appellant.

John F. Cafferky (Andrea D. Gemignani; Blankingship & Keith, on
briefs), for appellee Fairfax County School Board.

No brief or argument for appellee P.L., Individually and Guardian
for A.L.

The Commonwealth of Virginia Department of Education ("VDOE") appeals an

interlocutory order of the Circuit Court of the County of Fairfax pursuant to Code § 8.01-670.1.

Finding that we have no jurisdiction under Code § 8.01-670.1 to consider interlocutory appeals, we

dismiss the appeal and remand to the trial court for further proceedings.[1]

BACKGROUND

This appeal involves funding for the education of a disabled adult under the Individuals with

Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*  A dispute regarding funding arose

_____
[1] This opinion does not address interlocutory appeals under Code § 17.1-405(4).

between the guardian for that disabled adult and the Fairfax County School Board (School Board). The guardian filed a complaint with the VDOE under their complaint review procedure, embodied in 8 VAC 20-80-78. Following its investigation, VDOE determined that the School Board was responsible for funding and issued a Corrective Action Plan prescribing what was required of the School Board. The School Board appealed the unfavorable aspects of the decision. VDOE reviewed the case and affirmed its earlier decision.

The School Board filed a motion for judgment in the circuit court under Code § 22.1-214(D), naming VDOE and the guardian as defendants and asking for "review and reversal" of the administrative decision issued by VDOE pursuant to 8 VAC 20-80-78. VDOE and the guardian filed demurrers,[2] arguing that Code § 22.1-214(D) applied only to due process hearings before VDOE. VDOE maintained that a party aggrieved by a decision pursuant to the complaint system under 8 VAC 20-80-78 does not have a right to appeal the decision directly to circuit court; instead they must first go through an administrative due process hearing under 8 VAC 20-80-76. Thus, VDOE and the guardian maintained that the trial court had no jurisdiction to consider the School Board's motion for judgment.[3]

The trial court overruled the demurrers, relying on this Court's decision in Loudoun County Sch. Bd. v. Commonwealth Bd. of Educ., 45 Va. App. 466, 612 S.E.2d 210 (2005), that the trial court does have jurisdiction over the decision under Code § 22.1-214(D). With the consent of the School Board and the guardian,[4] VDOE moved the trial court to certify an

---

[2] VDOE also filed, in the alternative, a plea in bar.

[3] In support of its argument, VDOE relied upon a federal district court case, Va. Office of Prot. & Advocacy v. Va. Dep't of Educ., 262 F. Supp. 2d 648 (E.D. Va. 2003).

[4] While the guardian contested the trial court's jurisdiction to consider the School Board's motion for judgment, the guardian has not participated in this appeal.

interlocutory appeal to this Court from that order pursuant to Code § 8.01-670.1.  The trial court

entered the order of certification dated April 24, 2006.

ANALYSIS

We must determine whether this Court has jurisdiction to consider an appeal brought

under Code § 8.01-670.1, which provides, in relevant part:

> When, prior to the commencement of trial, the circuit court has entered in any pending civil action, *except any matters appealable to the Court of Appeals pursuant to § 17.1-405*, an order or decree that is not otherwise appealable, any party may file in the circuit court a statement of the reasons why an immediate interlocutory appeal should be permitted.
>
> The statement shall include a concise analysis of the statutes, rules or cases believed to be determinative of the issues and request that the court certify in writing that the order or decree involves a question of law as to which (i) there is substantial ground for difference of opinion, (ii) there is no clear, controlling precedent on point in the decisions of the Supreme Court of Virginia *or the Court of Appeals of Virginia*, (iii) determination of the issues will be dispositive of a material aspect of the proceeding currently pending before the court, and (iv) the court and the parties agree it is in the parties' best interest to seek an interlocutory appeal.
>
> Within ten days of such certification by the circuit court, a petition for appeal may be filed *with the appellate court that would have jurisdiction in an appeal from a final judgment in the proceeding*. If the appellate court determines that the certification by the circuit court has sufficient merit, it may, in its discretion, permit an appeal to be taken from the interlocutory order or decree and shall notify the certifying circuit court and counsel for the parties of its decision.

(Emphases added).

"In construing statutes, courts are charged with ascertaining and giving effect to the intent

of the legislature."  Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346

(1997).  "That intention is initially found in the words of the statute itself, and if those words are

clear and unambiguous, we do not rely on rules of statutory construction or parol evidence,

unless a literal application would produce a meaningless or absurd result."  Id.  We give the

words of a statute "their common, ordinary and accepted meaning," absent an indication by the legislature to the contrary. Gen. Trading Corp. v. Motor Vehicle Dealer Bd., 28 Va. App. 264, 268, 503 S.E.2d 809, 811 (1998). Absent ambiguity, "the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction." Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997).

A plain reading of Code § 8.01-670.1 reveals an inconsistency in its language. The first sentence of the statute seems to exempt this Court from its application, providing that it applies to any civil action pending in circuit court "except any matters appealable to the Court of Appeals pursuant to § 17.1-405." That provision would seem to limit the jurisdiction of appeals under Code § 8.01-670.1 to the Supreme Court of Virginia. However, the statute then refers to "controlling precedent" in the "Court of Appeals of Virginia"[5] and makes a general reference to "the appellate court that would have jurisdiction in an appeal from a final judgment," instead of specifically referring to the Supreme Court of Virginia. Those two provisions seemingly indicate an intent for appeals under Code § 8.01-670.1 to proceed in both the Supreme Court and the Court of Appeals. Thus, this statute lends itself to two different, and conflicting, interpretations about whether this Court has jurisdiction to consider appeals under this statute.

"Words are ambiguous if they admit to 'being understood in more than one way[,]' . . . 'refer to two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'" Diggs v. Commonwealth, 6 Va. App. 300, 301-02, 369 S.E.2d 199, 200 (1988) (*en banc*) (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). "'[D]ivergent interpretations tend to show that a statute's meaning is difficult to ascertain.'" Simerly v. Commonwealth, 29 Va. App. 710, 714, 514 S.E.2d 387, 389 (1999)

---

[5] Such precedent clearly would only be "controlling" if it involved a civil matter within the jurisdiction of the Court of Appeals.

(quoting Virginia-Am. Water Co. v. Prince William County Serv. Auth., 246 Va. 509, 514, 436 S.E.2d 618, 621 (1993)). "If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent." Mejia v. Commonwealth, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (*en banc*).

When a statute is ambiguous,

> we are called upon to interpret the meaning of those provisions and to ascertain and give effect to legislative intent. In doing so, we may avail ourselves of extrinsic evidence and the rules of statutory construction. We also examine [this code section] in the context of other closely related statutes.

Virginia-Am. Water Co., 246 Va. at 514, 436 S.E.2d at 621 (citations omitted). Under the rules of statutory construction, closely related statutes must be read as being consistent with one another. See Zamani v. Commonwealth, 26 Va. App. 59, 63, 492 S.E.2d 854, 856 (1997), aff'd, 256 Va. 391, 507 S.E.2d 608 (1998). Statutes should be construed, if possible, so as to harmonize, and force and effect should be given the provisions of each. Lillard v. Fairfax County Airport Auth., 208 Va. 8, 13, 155 S.E.2d 338, 342 (1967). In determining the meaning of a statute that is ambiguous, we also rely on the statute's legislative history. Simerly, 29 Va. App. at 714, 514 S.E.2d at 389.

Both parties argue that the jurisdictional exception for the Court of Appeals in Code § 8.01-670.1 refers only to interlocutory appeals under Code § 17.1-405(4),[6] thus excluding from Code § 8.01-670.1 only those interlocutory appeals over which this Court already had jurisdiction. However, the legislature did not limit that exclusion only to Code § 17.1-405(4);

---

[6] Code § 17.1-405(4) provides jurisdiction in the Court of Appeals from "[a]ny interlocutory decree or order entered in any of the cases listed in this section (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." There is no dispute among the parties that a final decision of the circuit court in the present case would be appealable to the Court of Appeals, thus making it a "case[] listed in [§ 17.1-405]."

they instead cited the whole of Code § 17.1-405. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). If the legislature had intended to limit the exclusion to only Code § 17.1-405(4), it would have done so.

An examination of the legislative history of Code § 8.01-670.1 reveals that, simultaneous with enacting that provision in 2002, the legislature amended Code § 8.01-670, the statute delineating the appellate jurisdiction of the Supreme Court of Virginia. That amendment added the following language: "Except in cases where appeal from a final judgment lies in the Court of Appeals, as provided in § 17.1-405, any party may present a petition pursuant to § 8.01-670.1 for appeal to the Supreme Court." Code § 8.01-670(C); 2002 Va. Acts 107. A similar amendment to Code § 17.1-405, the statute that confers appellate jurisdiction on the Court of Appeals, was considered and *rejected* in the same bill before the legislature.[7] 2002 Va. H.B. 257.

Despite the ambiguity present in the language of Code § 8.01-670.1, it is clear from the legislature's amendment of Code § 8.01-670 and rejection of an amendment of Code § 17.1-405 that Code § 8.01-670.1 applies only to interlocutory appeals to the Supreme Court of Virginia. Thus, the Court of Appeals has no jurisdiction to consider an appeal under Code § 8.01-670.1.

CONCLUSION

As this Court has no jurisdiction to consider an appeal under Code § 8.01-670.1, we dismiss the appeal and remand the case to the trial court for further proceedings.

Dismissed and remanded.

---

[7] That proposed amendment was as follows: "Any interlocutory decree or order reviewable under the provisions of § 8.01-670.1 in any case in which appeal from a final judgment would be to the Court of Appeals." 2002 Va. H.B. 257.

After considering this amendment, the legislature rejected it, and added the language to Code § 8.01-670.1 that excepted the Court of Appeals from having jurisdiction over appeals arising under that statute.