COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


TIFFANY BYRD

MEMORANDUM OPINION* BY
v.        Record No. 0782-15-2        JUDGE MARY BENNETT MALVEAUX
JULY 19, 2016

PETERSBURG DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

Jean M. McKeen; Lynn L. Robinson, Guardian *ad litem* for the
minor children (Tomlin & McKeen, PLLC, on brief), for appellant.

Joan M. O'Donnell (Olde Towne Lawyers, on brief), for appellee.


Tiffany Byrd ("mother") appeals from three orders of the Circuit Court of the City of

Petersburg (the "circuit court") which found abuse or neglect of three of her children.  She argues

that the circuit court erred in finding abuse or neglect of the children because there was no evidence

the children were left unsupervised.  She also contends that the circuit court erred in considering

evidence of mother's prior interaction with the Petersburg Department of Social Services ("PDSS").

On appeal, PDSS assigns cross-error on the ground that this Court lacks jurisdiction to hear this

appeal because the orders were not final orders.  For the reasons that follow, we agree.[1]

Accordingly, we dismiss the appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As we hold that this Court does not have jurisdiction to hear this appeal, we do not
address the merits of the arguments presented by mother.

## I. BACKGROUND

On May 7, 2014, PDSS filed petitions in the Petersburg Juvenile and Domestic Relations District Court (the "JDR court") alleging that three children—E.B., E.B., and J.B.—were without parental care or supervision due to their mother's incarceration. The petitions sought entry of "an emergency removal order pursuant to Va. Code §16.1-251, an adjudication of abuse or neglect pursuant to Va. Code §16.1-252, [and] temporary custody and other relief pursuant to Va. Code §16.1-278.2." The JDR court entered emergency removal orders for the children that day, and transferred temporary legal custody of the children to PDSS. The JDR court entered preliminary removal orders on May 14, 2014. In these orders, the JDR court set two court dates, one on June 4, 2014, for "[a]djudication," and one on July 16, 2014, for "[d]isposition."

At the June 4 adjudicatory hearing, the JDR court found that PDSS failed to prove that the children were abused or neglected as defined in Code § 16.1-228 or were at risk of abuse or neglect as provided in Code § 16.1-241(A)(2a). PDSS appealed this order to the circuit court.[2]

On April 15, 2015, after several continuances, the circuit court held a hearing on PDSS's appeal. Initially, PDSS asked the court to consider a change to the foster care plan at that hearing, which the court granted over mother's objection. The court stated that, "I find that 16.1-278.2 gives [the circuit court] the full range of options today for disposition [and] that a separate hearing is not necessary." Later in the hearing, the circuit court found that PDSS met its burden in proving abuse and neglect. After making this finding, the court reversed its earlier ruling that it would review the foster care plan.

That same day, the circuit court entered orders for each child. Each order was captioned as an "Adjudicatory Order for Abuse or Neglect Cases." Each order stated that "[a] hearing has been held for the adjudication of the petition" and that the child was abused or neglected as

---

[2] The JDR court stayed the execution of the order dismissing the petitions pending the appeal by PDSS.

defined in Code § 16.1-228. The orders directed that each "[c]hild shall remain in legal custody of DSS until further order of a court of competent jurisdiction." The orders further directed that the cases were "remanded to the Petersburg J&DR Court for further proceedings consistent with this finding." Mother filed a notice of appeal of the orders.

## II. ANALYSIS

"The Court of Appeals of Virginia is a court of limited jurisdiction." Canova Electric Contracting v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). As a court of limited jurisdiction, "[w]e have no jurisdiction over appeals except that granted us by statute." Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991). Generally, "[t]his Court has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or 'adjudicating the principles of a cause.'" Wells v. Wells, 29 Va. App. 82, 85-86, 509 S.E.2d 549, 551 (1999) (quoting Code § 17.1-405(3)(f), (4)). "The question of whether a particular order is a final judgment is a question of law that we review *de novo*." Carrithers v. Harrah, 60 Va. App. 69, 73, 723 S.E.2d 638, 639 (2012).

The General Assembly has specified what orders can be appealed in the context of child abuse and neglect cases. Preliminary removal orders in such cases are governed by Code § 16.1-252. It provides that the hearing required under the code section "shall be in the nature of a preliminary hearing rather than a final determination of custody." Code § 16.1-252(A). Pursuant to this code section, the JDR court "shall determine whether the allegations of abuse or neglect have been proven by a preponderance of the evidence." Code § 16.1-252(G). If the parents or custodian, guardian *ad litem*, or petitioning department objects to a finding of abuse or neglect being made at that hearing, then the JDR court must schedule an adjudicatory hearing on a date within thirty days of the preliminary hearing. Id. If no party objects, and the JDR court

finds that the child at issue was abused or neglected, the JDR court must schedule a dispositional

hearing for a date within sixty days of the preliminary hearing. Code § 16.1-252(H).

Code § 16.1-278.2 governs dispositional orders in abuse and neglect cases. A

dispositional order in accordance with this code section is not a "'final order' in the conventional

sense of the term . . . because Code § 16.1-278.2 contemplates the possibility of further review

by the J&DR court." Blevins v. Prince William Cnty. Dep't of Soc. Servs., 61 Va. App. 94, 98,

733 S.E.2d 674, 676 (2012). The General Assembly, however, has provided by statute that

dispositional orders are final orders subject to appeal. See Code § 16.1-296(A) ("[O]rders

entered pursuant to § 16.1-278.2 are final orders from which an appeal may be taken."). At a

dispositional hearing under Code § 16.1-278.2(A), a court may make any of the following seven

dispositions:

> (1) enter an order under Code § 16.1-278 and order that services be
> provided for the child; (2) permit the child to remain with his
> parent, subject to conditions and limitations the court may order
> with respect to the child, his parent, or another adult who occupies
> the same dwelling; (3) prohibit or limit the contact between the
> child and his parent or other adult occupant of the same dwelling;
> (4) permit the local board of social services or other agency to
> place the child in a suitable home or facility; (5) transfer custody to
> a relative, a child welfare agency, private organization or licensed
> facility, or to the local board of social services; (6) transfer legal
> custody and order the parent to participate in services or programs
> or refrain from certain conduct; or (7) terminate the rights of the
> parent.

Blevins, 61 Va. App. at 99, 733 S.E.2d at 677.

PDSS argues that the orders entered in this case were adjudicatory orders that were

preliminary in nature, and not dispositional orders. Therefore, the dispositive question on appeal

is whether the circuit court's orders were dispositional orders entered pursuant to Code

§ 16.1-278.2.

Here, it is clear that the circuit court's orders were not dispositional orders. The orders were captioned as "adjudicatory," and reflect that a hearing on adjudication of the petitions had occurred. The orders only reflect that the circuit court adjudicated PDSS's allegations of abuse or neglect of the children, with the court making a finding of abuse or neglect of each child. This conclusion is supported by the circuit court's remand of the cases to the JDR court for "further proceedings consistent with this *finding*." [3] (Emphasis added).

Further, it is also clear that the orders were adjudicatory in nature as they did not make any of the seven dispositions provided in Code § 16.1-278.2(A). However, at oral argument, mother contended that these orders were dispositional in nature because the circuit court did make a disposition pursuant to Code § 16.1-278.2(A): the court transferred custody to PDSS. This argument is without merit. The circuit court's order did not transfer custody to PDSS. PDSS had been granted temporary custody on May 7, 2014, when the JDR court entered emergency removal orders for the children. The circuit court's orders merely maintained the status quo—a continuation of PDSS's temporary custody of the children. This is further

---

[3] The circuit court's order remanded the matter back to the JDR court for further proceedings. We find no authority in the statute for the circuit court's remand. Code § 16.1-278.2(A) provides that "[w]ithin 60 days of a preliminary removal order hearing . . . or a hearing on a preliminary protective order . . . , a dispositional hearing shall be held if the court found abuse or neglect and (i) removed the child from his home or (ii) entered a preliminary protective order." Here, the JDR court entered preliminary removal orders and scheduled an adjudicatory hearing. At that hearing, it found no evidence of abuse or neglect. PDSS appealed the order from that hearing to the circuit court. The circuit court held an adjudicatory hearing and found abuse or neglect of the children, but then failed to hold a dispositional hearing pursuant to Code § 16.1-278.2.

An appeal from the juvenile court must be heard *de novo* by the circuit court. Code § 16.1-136. "[A]n appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial." Walker v. Dep't of Pub. Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982). "A court which hears a case *de novo* . . . acts not as a court of appeals but as one exercising original jurisdiction." Addison v. Salyer, 185 Va. 644, 649, 40 S.E.2d 260, 263 (1946) (quoting Gemmell, Inc. v. Svea Fire, etc., Ins. Co., 166 Va. 95, 98, 184 S.E. 457, 458 (1936)). "Such an appeal transfers the entire record to the circuit court for retrial *as though the case had been originally brought there*." Mahoney v. Mahoney, 34 Va. App. 63, 66, 537 S.E.2d 626, 628 (2000) (*en banc*) (emphasis in original).

- 5 -

reflected in the language of the orders. They stated that the children "shall *remain* in legal custody of DSS until further order of a court of competent jurisdiction." (Emphasis added). The court orders simply preserved the children's current situation, as they were to remain as they were in the temporary legal custody of PDSS. The orders did not make any final determinations regarding custody. Therefore, the action taken by the circuit court was not a permanent transfer of custody as contemplated by Code § 16.1-278.2(A)(5). The orders in this case do not reflect that any of the dispositional options provided by Code § 16.1-278.2(A) were exercised by the circuit court.

After reviewing the language of the April 15, 2015 orders, and in light of the statutory scheme concerning preliminary removal orders and dispositional orders, we hold that the orders were adjudicatory in nature. Thus, they are not final orders for purposes of appeal because they were not entered pursuant to Code § 16.1-278.2.

III.  CONCLUSION

For the foregoing reasons, we hold that we lack jurisdiction to consider the merits of

mother's appeal; therefore, we dismiss the appeal.[4]

Appeal dismissed.

_____

[4] We note that we dismiss the appeal without prejudice for either party to re-file an appeal when the circuit court has held a dispositional hearing and entered a dispositional order pursuant to Code § 16.1-278.2.  We disagree with the concurrence/dissent's assertion that the decision in this case leaves mother with no opportunity to appeal the circuit court's finding of abuse or neglect to this Court.  As mandated by statute, a dispositional hearing will occur in this case.  Once a dispositional order is entered, mother has every right to appeal the finding of abuse and neglect to this Court as proscribed by Code § 16.1-278.2(A).

We also find no authority for the concurrence/dissent's direction to remand this matter to the circuit court with specific instructions to hold a dispositional hearing and enter a final dispositional order pursuant to Code § 16.1-278.2(A).  The concurrence/dissent cites Commonwealth v. Fairfax County Sch. Bd., 49 Va. App. 797, 645 S.E.2d 337 (2007), in support of this proposition.  However, that case is distinguishable from the case at hand.  In Fairfax County, this Court found that we lacked jurisdiction to hear an interlocutory appeal under Code § 8.01-670.1 and subsequently remanded the matter "to the trial court for further proceedings."  Interlocutory appeals involve issues necessary to the resolution of the matter pending before the trial court.  These determinations must occur before the trial court's final ruling on the entire case.  Appellate courts are vested, per statute, with limited jurisdiction to resolve these issues.  Once the appellate court has resolved the conflict, it is deprived of its jurisdiction and the trial court is again vested with the authority to continue with the proceeding.  In Fairfax County, this Court simply remanded the case back to the circuit court for it to proceed with the case after it found it lacked jurisdiction over an interlocutory appeal, which occurred during the pendency of the litigation.  The Court did not mandate that the circuit court take any specific action; it only remanded the case back the circuit court to proceed with the pending trial.  This remand merely put the case back in the procedural posture it was in prior to the interlocutory appeal, without requiring any specific action on the part of the circuit court.  The concurrence/dissent would have this Court go beyond what we did in Fairfax County.  It would direct the trial court to take specific actions, after holding that we lack jurisdiction to review the matter.  Finding no support for this directive, we find dismissal the appropriate remedy on appeal.

- 7 -

Humphreys, J., concurring, in part, and dissenting, in part.

I join entirely with the analysis of the majority in declining to decide the case on the merits because the circuit court's adjudicatory orders, were not a final disposition as contemplated by Code § 16.1-278.2(D).[5]

I write separately because I respectfully disagree with the judgment of the majority dismissing this appeal without remanding the case to the circuit court with instructions that it dispose of the case in one of the ways prescribed by law. In my view, the form the majority's judgment takes undermines the statutory scheme applicable here and has the additional effect of forever denying mother her statutory right to appeal the circuit court's finding of abuse and neglect to this Court. The majority correctly concludes that we lack the appellate jurisdiction to consider the merits of the assignments of error at this time because the circuit court failed to finally dispose of the matter pursuant to the requirements of the statute. Despite having found error in that regard, the majority further concludes that nothing can be done about it. I disagree with this latter conclusion for several reasons.

My colleagues in the majority reduce to footnote 3 the precise statutory foundation for not doing what they have done here. The circuit court's order remanded the matter to the JDR court for further proceedings without ever holding a dispositional hearing or entering a dispositional order as required by the very statute the majority cites. Code § 16.1-278.2(A) provides that "[w]ithin 60 days of a preliminary removal order hearing . . . or a hearing on a preliminary protective order . . . , a dispositional hearing *shall* be held if the court found abuse or neglect and (i) removed the child from his home or (ii) entered a preliminary protective order."

_____

[5] Although outside of our purview to remedy, in my view it is unfortunate that, for the reasons stated by the majority, we are unable to resolve the merits of the assignments of error in this appeal. Mother's children have been in foster care in the custody of PDSS while this matter languished in the circuit court without a decision for the better part of a year for no better reason than the inexcusable one that the PDSS provided at oral argument: "it fell through the cracks."

(Emphasis added). The failure of the circuit court to follow a statutory mandate in a case of this nature is a quintessential error that this Court has jurisdiction to correct. However, the judgment of the majority dismissing this appeal for lack of such jurisdiction, without further direction to the circuit court for further proceedings consistent with the statutory scheme, results in an error that is now uncorrectable. It certainly cannot be corrected by the JDR court, where the circuit court remanded the case for disposition. The JDR court reached a contrary finding with regard to abuse and neglect of the children and also has no authority to disturb the judgment of a higher court after a trial *de novo*, despite our unanimous conclusion today that such judgment was flawed.

In this case, the JDR court entered preliminary removal orders and held an adjudicatory hearing in which it found no evidence of abuse or neglect. PDSS appealed that adjudicatory order to the circuit court. The record demonstrates that the circuit court held an adjudicatory hearing and found abuse or neglect of the children, but then failed to hold a dispositional hearing, despite a clear statutory responsibility to do so pursuant to Code § 16.1-278.2. In fact, the form adjudicatory order utilized in these cases includes a series of checkboxes delineating the five possible dispositions authorized by the statute, one of which is a provision with the following language: "As the child has been found to be abused or neglected, or at risk of abuse or neglect as provided in Virginia Code § 16.1-241(A)(2a), a dispositional hearing pursuant to Virginia Code § 16.1-278.2 shall be held on _____." Thus, the form adjudicatory order contains language that affirms that the circuit court was required by statute to conduct a dispositional hearing based upon its finding of abuse or neglect. Still, the box next to this provision on the order was not checked and the date for such hearing was never set. Instead, the circuit court, without any statutory authority to do so, remanded the case to the JDR court for "further proceedings consistent with this finding."

In addition to not being authorized by the statutory scheme, the circuit court's remand to JDR court was in contradiction to the well-settled principle that an appeal from the juvenile court must be heard *de novo* by the circuit court and the retrial must occur "*as though the case had been originally brought there*." Mahoney v. Mahoney, 34 Va. App. 63, 66, 537 S.E.2d 626, 628 (2000). An appeal to the circuit court from a JDR court under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial. See Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). The circuit court ignored this well-settled principle of law. Instead of making a final disposition, the circuit court attempted to delegate its statutory obligation to do so to the JDR court, even though the JDR court's previous finding that there was *no* abuse or neglect had been annulled completely by PDSS's appeal to circuit court. Furthermore, without a remand to circuit court with instructions that a final disposition be entered consistent with the options available in the statute, mother now has no opportunity to appeal the circuit court's finding of abuse or neglect to this Court, thus effectively depriving her of her statutory right to do so.[6]

For these reasons, I respectfully dissent from the judgment of the majority dismissing this appeal without remanding it to the circuit court with direction that it conclude its statutory responsibilities, because such disposition would leave the circuit court's erroneous remand to the JDR court in effect. I agree with my colleagues that the circuit court erred in its failure to hold a dispositional hearing or issue a dispositional order. Consequently, I agree that there is no final

---

[6] The majority asserts in footnote 4 that "We note that we dismiss the appeal without prejudice for either party to re-file an appeal when the circuit court has held a dispositional hearing and entered a dispositional order pursuant to Code § 16.1-278.2." This statement is both unnecessary and factually incorrect. As noted above, the circuit court improperly remanded the case to the JDR court for disposition. By dismissing this appeal without a remand, the majority has left nothing for the circuit court to do, as the case will return to the JDR court, where we all agree it was improperly sent, rather than the circuit court. The circuit court will no longer have either the obligation or the authority to conduct a dispositional hearing or enter a dispositional order as contemplated by the majority's footnote.

- 10 -

dispositional order for this Court to review on its merits.  <u>See</u> Code § 16.1-278.2(D).  However,

having found that the circuit court erred, we have the authority and obligation to instruct the

circuit court on the correction of its error.[7]  Therefore, I would dismiss the appeal as untimely but

remand this case to the circuit court with specific direction to hold a dispositional hearing and

enter a final dispositional order as required by Code § 16.1-278.2(A), from which a further

appeal may be taken if either of the parties deem it appropriate.

---

[7] Indeed, in contrast to the actions of the majority in this case, having found that we lack the ability to exercise our appellate jurisdiction, our appellate courts routinely remand the matter for further proceedings consistent with our analysis.  <u>See, e.g.</u> <u>West v. Commonwealth</u>, 249 Va. 241, 455 S.E.2d 1 (1995) (dismissing an appeal for lack of jurisdiction and remanding to trial court to enter final judgment); <u>Commonwealth v. Fairfax Cty. Sch. Bd.</u>, 49 Va. App. 797, 645 S.E.2d 337 (2007) (dismissing an appeal for lack of jurisdiction and remanding to the trial court for further proceedings).