COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Chaney and Senior Judge Haley
Argued at Richmond, Virginia

**PUBLISHED**

TADASHI D. GUEST

                   OPINION BY
v.   Record No. 0672-22-2      JUDGE DANIEL E. ORTIZ
                  AUGUST 8, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Catherine French Zagurskie, Chief Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General; Robin M. Nagel, Assistant Attorney General, on
brief), for appellee.

The repeal of Code § 18.2-104 is not retroactive, and a trial court may convict a defendant

under the enhanced punishment scheme when the crime occurred prior to July 1, 2021.  Tadashi

Guest appeals his felony larceny conviction and sentence in Spotsylvania County Circuit Court.  He

argues that he pleaded guilty to an offense that "no longer existed," for which the court lacked

jurisdiction, and that the trial court did not properly consider his mitigating factors in its sentencing.

We apply the principles described in *Gionis v. Commonwealth*[1] and find that courts should

look to the date of the offense, not the indictment, when determining whether prosecution is

available under a repealed and non-retroactive statute.  Because Guest's criminal activity occurred

before July 1, 2021, we find the Commonwealth had jurisdiction to prosecute under Code

§ 18.2-104 and uphold his conviction.  Furthermore, because the trial court did not abuse its

---

[1] *Gionis v. Commonwealth*, 76 Va. App. 1 (2022).

discretion in sentencing Guest within the statutory range, and because there is no evidence that the trial court purposefully ignored Guest's mitigating factors, we affirm Guest's sentence.

BACKGROUND

On May 21, 2021, Guest entered a Lowe's store, picked up three items valued at $976, went to customer service, and attempted to "return" the items for money or store credit. After customer service refused to accept the items as returns, Guest left the store with the items and without paying for them. On May 28, 2021, Guest returned to the same Lowe's store without any merchandise and placed items worth $583.57 into his cart. This time, Guest was able to "return" those items as if they had been previously purchased. He received store credit for the value of the items and spent over $200 of the store credit on other merchandise.

The General Assembly repealed Code § 18.2-104, effective July 1, 2021, which had provided enhanced punishment for repeat larceny offenders and elevated third offense misdemeanor larceny to a Class 6 felony. 2021 Va. Acts Sp. Sess. I ch. 192. On October 18, 2021, Guest was indicted for larceny shoplifting, third or subsequent offense, a Class 6 felony, in violation of Code §§ 18.2-103 and 18.2-104.[2] On December 3, 2021, Guest pleaded guilty pursuant to a plea agreement. The trial court accepted the plea and found Guest guilty of larceny shoplifting, third or subsequent offense.

During sentencing, Guest apologized and took responsibility for his actions. Defense counsel informed the trial court that Guest would lose his veterans' benefits[3] if he were incarcerated for more than 90 days, which would result in Guest having to wait a year for housing benefit eligibility. Nevertheless, the trial court sentenced Guest to five years, with three

---

[2] Guest had three prior larceny convictions in 1979, 2005, and 2008.

[3] Guest is a veteran of the Marine Corps and was honorably discharged. Guest received services through the VA for his post-traumatic stress disorder, as well as other mental health and medical conditions.

years and six months suspended, for a total active time of one year and six months to serve. This appeal followed.

## STANDARD OF REVIEW

Whether the General Assembly's repeal of Code § 18.2-104 applies retroactively to this case is an issue of statutory interpretation and, therefore, presents "a pure question of statutory law that this Court reviews *de novo*." *McCarthy v. Commonwealth*, 73 Va. App. 630, 638-39 (2021). Our interpretation of Code § 1-239 is similarly to be reviewed *de novo*.

But whether a trial court erred by imposing a particular sentence is reviewed for an abuse of discretion. *Murry v. Commonwealth*, 288 Va. 117, 122 (2014). "If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992). "This is the extent of our substantive sentencing review '[a]bsent an alleged statutory or constitutional violation.'" *Taylor v. Commonwealth*, 77 Va. App. 149, 176-77 (2023) (alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)). Because criminal sentencing is "so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du*, 292 Va. at 563.

## ANALYSIS

Guest argues that the trial court erred in accepting his guilty plea and in convicting and sentencing him under the felony enhancement of Code § 18.2-104, as it was repealed by the General Assembly before he was indicted. Guest contends that this argument is preserved because the repeal of Code § 18.2-104 renders his conviction void ab initio or, alternatively, because the ends of justice exception applies to his conviction. Guest elaborates that his conviction is void ab initio because the court lacked subject matter jurisdiction to continue its

prosecution. The Commonwealth argues that the repeal of Code § 18.2-104 is not retroactive and thus the court had jurisdiction to convict him of the felony offense of larceny shoplifting, third or subsequent offense. It is well established that the lack of subject matter jurisdiction "can be raised *at any time in the proceedings*, even for the first time on appeal[.]" *Burfoot v. Commonwealth*, 23 Va. App. 38, 51 (1996) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). Outside of his claim that the court lacked subject matter jurisdiction, Guest's knowing and intelligent guilty plea would constitute a waiver of any arguments arising from any antecedent rulings. Thus, our analysis surrounding the retroactivity of Code § 18.2-104 is viewed in the limited context of whether or not the trial court maintained jurisdiction over the matter. Guest also argues that the trial court abused its discretion by not giving "enough weight" to his mitigating factors when sentencing him to an active sentence of one year and six months.

We have held that the repeal of Code § 18.2-104 is not retroactive. *Gionis v. Commonwealth*, 76 Va. App. 1, 10 (2022). Hence, this case turns on whether the triggering event under Code § 1-239 is the indictment or the criminal offense. We find that the triggering event is the criminal offense. Thus, we look to whether the statute was in effect at the time the offense occurred to determine whether the felony enhancement is available under Code § 18.2-104. Because Guest's larceny offense occurred prior to July 1, 2021, the court maintained jurisdiction to impose a felony under Code § 18.2-104 and we affirm his conviction. Finally, because he was sentenced within the statutory range, his conviction and sentence were proper.

> I. The trial court did not err by convicting Guest under Code § 18.2-104, as his criminal offense occurred before its repeal.

To determine the existence of subject matter jurisdiction we begin with an examination of our retroactivity precedent and governing statutes. Generally, "[n]o new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law." Code § 1-239. Although Virginia law usually "speaks prospectively," *Booth v.*

*Booth*, 7 Va. App. 22, 26 (1988), there are two exceptions to this rule against retroactivity,[4] *McCarthy*, 73 Va. App. at 647. First, a statute may be retroactive if it "contains 'explicit terms' demonstrating its retroactive effect." *Id.* Second, a statute may have retroactive effect if it affects "'remedial' or 'procedural' rights rather than 'substantive' or 'vested'" rights. *Id.*; *see* Code § 1-239 ("[E]xcept that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . ."). Substantive changes "decriminalize a class of conduct" or "prohibit the imposition of . . . punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 495 (1990); *see Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). Procedural changes "regulate only the *manner of determining* the defendant's culpability." *Schriro*, 542 U.S. at 353.

In *Gionis*, we determined that the repeal of Code § 18.2-104 has no retroactive effect. 76 Va. App. at 11 ("Given that both the criminal offense and the proceedings here against Gionis commenced before the repeal of Code § 18.2-104 went into effect, the plain language of Code § 1-239 prevents this Court from considering the repeal of Code § 18.2-104 as being effective in this prosecution against Gionis."). But we did not determine whether the "triggering event" of Code § 1-239 was the offense or indictment, as both the offense and indictment in *Gionis* occurred prior to the repeal of Code § 18.2-104. *Id.* at 10-11 ("[T]here is no need to determine whether the triggering event would be from the moment the offense was committed or from when proceedings prosecuting the offense began when the result in answer to that question would be the same.").

---

[4] In addition to these exceptions, the Commonwealth may also elect to proceed under the new statute—with the consent of the accused—in certain circumstances. *See* Code § 1-239 ("[I]f any penalty, forfeiture, or punishment be mitigated by . . . the new act of the General Assembly, such provision *may*, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect." (emphasis added)).

"[I]nterpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'" *Montgomery v. Commonwealth*, 75 Va. App. 182, 189-90 (2022) (quoting *McCarthy*, 73 Va. App. at 647). When construing statutes, we look to "the intent of the legislature." *Commonwealth v. Fairfax Cnty. Sch. Bd. & P.L.*, 49 Va. App. 797, 802 (2007). "That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, we do not rely on rules of statutory construction or parol evidence, unless a literal application would produce a meaningless or absurd result." *Id.* Code § 1-239 clearly and unambiguously states: "[n]o new act of the General Assembly shall be construed to repeal a former law, *as to any offense committed against the former law*." (Emphasis added).

Although Guest seeks to distinguish his case because, unlike in *Gionis*, his indictment came after the repeal of Code § 18.2-104, the plain language of Code § 1-239 bars Guest's interpretation. Guest committed his offense "against the former law," when the former law was in full force and effect, and no exception to the rule against retroactivity applies. Code § 1-239. The General Assembly did not state in "explicit terms" that the repeal of Code § 18.2-104 would have retroactive effect, and this repeal clearly affects "substantive or vested" rights, as it "prohibit[s] the imposition of . . . punishment on a particular class of persons"—here, larceny recidivists. *McCarthy*, 73 Va. App. at 647; Code § 1-239; *Saffle*, 494 U.S. at 495; *Schriro*, 542 U.S. at 353. The intent of the legislature is plain. We hold that courts should look to the date of the offense, not the indictment, in determining whether prosecution is available under a repealed and non-retroactive statute.

Here, when Guest committed the larceny in May 2021, Code § 18.2-104 provided that a third or subsequent conviction of a larceny offense constituted a Class 6 felony. On March 18, 2021, the General Assembly repealed Code § 18.2-104 in its entirety, with an effective date of

July 1, 2021.  2021 Va. Acts Sp. Sess. I ch. 192.  Because Guest committed the offense before the statute's repeal date of July 1, 2021, Guest's conduct constituted an offense against the former law, and the repeal does not affect the jurisdiction of the trial court.  Guest pleaded guilty to the underlying offense, and we have found the substantive change in the statute did not impact the court's jurisdiction to prosecute Guest.  His conviction is not void ab initio, thus our appellate review is complete.

> II. The trial court did not abuse its discretion in its sentencing, as Guest was sentenced within the guidelines and Guest did not present clear evidence that the trial court ignored any mitigating factors.

When a defendant unconditionally pleads guilty, the plea "constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *Delp v. Commonwealth*, 72 Va. App. 227, 235 (2020); *see also Peyton v. King*, 210 Va. 194, 196-97 (1969) ("Where a conviction is rendered upon [an unconditional] plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.").  However, Guest appeals his sentence, which occurred after he entered his plea, and was therefore not waived.  Nevertheless, we find the court did not abuse its discretion and affirm the trial court.

Guest was convicted of one count of shoplifting, third or subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104.  At the time, his offense was a Class 6 felony, which is punishable by a term of imprisonment of "not less than one year nor more than five years . . . ."  Code §§ 18.2-10, -104.  The trial court sentenced Guest to five years in prison, with three years and six months suspended.  His sentence falls within the statutory range set by the General Assembly.  Code §§ 18.2-10, -104.

Guest argues that the trial court did not sufficiently consider his mitigating factors during sentencing.  These mitigating factors include Guest's veteran status, post-traumatic stress

disorder, and sincere apology for his crimes. The requirement that a trial court consider mitigation evidence at sentencing is not a requirement that the trial court will find such evidence compelling when weighed against other evidence. Furthermore, "[b]arring clear evidence to the contrary, [an appellate court] will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett*, 13 Va. App. at 584. Here, Guest has failed to articulate "clear evidence" that the trial court purposefully ignored Guest's mitigating factors.

The record indicates that the trial court considered the evidence and arguments of counsel. The trial court noted that it had "reviewed and considered the presentence report and the guidelines," in addition to its consideration of the arguments of counsel regarding mitigating factors. After careful consideration, the trial court sentenced Guest within the statutory range and articulated its reasoning on the record. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Minh Duy Du*, 292 Va. at 565. Because there is no evidence that the trial court "purposefully ignored" Guest's mitigating factors, we affirm his sentence.

CONCLUSION

The repeal of Code § 18.2-104 is not retroactive, and the triggering event for purposes of Code § 1-239 is the criminal offense. As such, Guest was properly convicted under the enhanced punishment of Code § 18.2-104 when his criminal activity occurred prior to July 1, 2021. The conviction was not void ab initio, and the court possessed jurisdiction over this matter. The trial court did not abuse its discretion in sentencing Guest to an active sentence of one year and six months, and there is no evidence that it purposefully ignored Guest's mitigating factors. We affirm Guest's conviction and sentence.

*Affirmed.*

Chaney, J., concurring in the judgment.

Guest argues on appeal that the felony offense of third or subsequent petit larceny under Code § 18.2-104 "no longer existed" when he pleaded guilty and was convicted and sentenced for felony larceny under Code § 18.2-104. Op. Br. 1. Because the repeal of Code § 18.2-104 was effective July 1, 2021, Guest contends that the trial court erred in accepting his guilty plea in December 2021 and in sentencing him in April 2022. However, because the prosecution for Guest's May 2021 felony violation under Code § 18.2-104 was already underway before Code § 18.2-104 was repealed, the trial court did not err in convicting and sentencing Guest for felony larceny under Code § 18.2-104. *See Gionis v. Commonwealth*, 76 Va. App. 1, 15 (2022) (holding that after Code § 18.2-104 was repealed, the trial court did not err in convicting defendant under Code § 18.2-104 where the trial court applied "the law in existence at the time [defendant] committed the offense and when the criminal proceedings against him began").[5] Code § 18.2-104 was the law in effect on May 21, 2021, when Guest committed the larceny offense and when the criminal prosecution against Guest was instituted.[6] Code § 18.2-104 was also the law in effect on June 10, 2021, when the first hearing in Guest's larceny case was held. Therefore, the trial court did

---

[5] This Court's opinion in *Gionis* was issued after Guest filed his briefs in this appeal. Under the interpanel accord doctrine, a decision by a panel of this Court "cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." *Towler v. Commonwealth*, 59 Va. App. 284, 293 (2011) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)).

[6] On May 21, 2021, Guest was arrested on a felony warrant charging him with larceny "in violation of Section 18.2-103/18.2-104, Code of Virginia" and alleging that "[t]he accused has been convicted two or more times previously of larceny offenses or of offenses deemed or punishable as larceny."

not err in convicting Guest for felony larceny under Code § 18.2-104.[7]  Thus, I concur in the judgment affirming Guest's conviction.

---

[7] As in *Gionis*,

> [t]his case does not require the Court to distinguish between the penalty in existence at the time [defendant] committed the offense and the penalty in existence when the proceedings in the criminal prosecution against him began . . . [because] [t]he law was actually the same at the time of both events in this case now before us.

*Gionis*, 76 Va. App. at 15 n.7.